## Morton *et al. v.* The Frick Company.

1. In an action of trover, where no plea was filed save that of the general issue, and on the trial there was no evidence as to the value of the property, and the plaintiff, who was the seller, elected under section 3564 of the code to take a verdict for the property and its hire, defendants were entitled to no deduction from the amount of hire on account of partial payments made to the plaintiff by them or by their predecessor in the purchase, the plaintiff having retained title in himself as security for the payment of the purchase money.

2. Although notes embracing a contract of conditional sale may not have been legally recorded, yet if the defendants, before they became interested in the property by purchase from one who bought from the plaintiff, had actual notice of the retention of the title by the plaintiff, and that some of the notes were unpaid, the defective recording is of no consequence as to them.

3. When personal property has been sold for $375, and $250 thereof has been paid to the seller, who, having retained the title to the property to secure the purchase money, recovers in an action of trover the property itself and $100 for hire, this court will direct that the judgment in favor of the plaintiff may be discharged by defendants paying the plaintiff the balance of the purchase money and the interest thereon, towit, $125 with interest at the rate of 8 per cent. per annum from January 13th, 1887, as well as all costs of the case, within ten days from the time the *remittitur* from this court is made the judgment of the court below; and if not so paid, then the original judgment in favor of the plaintiff to stand of full force.

May 8, 1891.

Trover. Verdict. Title. Notice. Record. Practice. Before Judge Gober. Milton superior court. August term, 1890.

Reported in the decision.

H. L. Patterson and T. L. Lewis, for plaintiffs in error.

J. P. Brooke, *contra.*

LUMPKIN, Justice.

The Frick Company sold a saw-mill and saw to T. D. Terry and T. F. Abbott for $375.00, taking therefor seven promissory notes, in all of which it reserved title till such notes were paid. Five of these notes, for $50.00 each, were signed by both Terry and Abbott. The remaining two, one for $25.00, and the other for $100.00, were signed by Abbott alone. The testimony is conflicting as to whether Terry signed as surety for Abbott, or Abbott as surety for him. The five notes signed by both were paid by Terry before their maturity, and were transferred to him by the Frick Company, without recourse on it, or on the property for which they were given until after the company was paid in full. Whatever interest Terry had in the property was sold by him to the defendants below, Louis and M. M. Morton, and Terry also transferred to them the five notes above mentioned. The Mortons thereupon took possession of the property. The evidence tended to show, and the jury so found, that the Mortons, at the time they bought from Terry, knew that Abbott's notes were still outstanding and unpaid, and that they contained a reservation of title in the Frick Company. There was no evidence at all as to the actual value of the property at the time of the trial. The plaintiff recovered from the Mortons the property itself and $100.00 for the hire thereof.

1. The plaintiff having elected, as was its right under section 3564 of the code, to demand a verdict for the property itself and the hire thereof, and the title still being in it, a verdict in its favor was inevitable. The only plea filed was that of the general issue, and there was no evidence at all as to the value of the property at the time of the trial. In this state of the pleadings and evidence, there could be no deduction from the amount of hire proved on account of the partial pay-

ments of the purchase money which had been made. The plaintiff was standing upon its strict legal rights, and defendants interposed no legal defence to the enforcement of the same. If, by a proper plea, they had set forth their true equities in the case, and tendered to the plaintiff the balance of the purchase money with interest thereon, or if they had shown by evidence that the property was still worth as much as such balance, no doubt the proper relief could and would have been afforded them. In the absence of such pleadings or proof, neither the jury nor the court could assume that a recovery of the property alone, without hire, would have done full justice to the plaintiff; nor could it be determined what apportionment, if any, of the hire would accomplish this purpose. We are, therefore, constrained to hold that, taking the case as it stood, the jury were bound to find in favor of the plaintiff the property and its hire, without deduction.

2. There was some dispute as to whether or not the purchase money notes given to the Frick Company were legally recorded. It is unnecessary to decide whether they were or not, because the Mortons, before their transaction with Terry, had actual notice of the fact that the notes made by Abbott were outstanding and unpaid, and that the title to the property remained in the plaintiff till these notes were paid. Section 1955(a) of the code, in regard to recording such contracts, distinctly provides that the existing statutes and laws of this State in relation to the registration and record of mortgages on personal property shall apply to and affect all conditional sales of personal property, as defined in that section. A purchaser who takes personalty with actual knowledge of the existence of a mortgage thereon, takes subject thereto, and this rule, by the section cited, is applied to purchasers of personalty of which the seller has reserved the title.

3. In strict justice, and in accordance with the principles ruled in *Bradley* v. *Burkett*, 82 *Ga.* 255, and the cases there cited, the recovery of the plaintiff in this case,' if the defence had been properly conducted, ought not to have exceeded in value the amount remaining due upon the purchase price of the property, with interest thereon. Exercising the authority conferred upon us by statute, we affirm the judgment of the court below, with the directions set forth in the third head-note.

*Judgment affirmed, with directions.*