GEORGE E. HASIE v. J. W. CONNOR, as *Sheriff of Cowley County.*

1. ATTACHMENT *by Mortgagor's Creditors—Replevin by Mortgagee—Fraud Alleged—Burden of Proof.* In an action of replevin, brought by a mortgagee to recover goods attached by the creditors of the mortgagor, who claim that the mortgage is fraudulent and that the debt which it purports to secure is not *bona fide*, and where it is shown that the mortgage is fair on its face, duly recorded, and that the mortgagee was in the actual possession of the mortgaged property at the time of the levy of the attachment, it devolves upon the defendants to show that the debt secured by the mortgage was not actual and honest, and that the mortgages were made for the purpose of delaying ahd defrauding the creditors of the mortgagor.

2. PREFERENCE OF CREDITORS—*Wrongful Intent of Debtor.* A creditor who in good faith obtains from an insolvent debtor property or security in payment of an honest debt, where the debtor may have acted with the design of delaying and defrauding other creditors, will not lose his preference by reason of notice of the wrongful design of the debtor, providing his only purpose is to fairly obtain satisfaction or security for his own debt, and that he does not participate in the wrongful intent of the debtor.

3. CREDITOR, *Commits no Fraud, When.* A creditor who in absolute good faith takes the property of his debtor at a fair valuation in payment .

of an honest debt, although the payment of his debt may absorb the entire property of the debtor, commits no fraud against anyone.

4. ATTACHMENT—*Replevin*—*Estoppel.* The mortgagee was named as defendant in the attachment suits brought by the creditors, but the goods were levied upon as the property of another. These suits were pending and undetermined when the replevin action was begun, but, before the trial of the latter, the attachment creditors abandoned the prosecution of the attachment suits against the mortgagee, and they were dismissed as to him. *Held,* That the creditors were estopped from asserting that the action of replevin could not be maintained, because it was begun before the attachment proceedings were determined.

*Error from Cowley District Court.*

ALL the material facts are stated in the opinion.

*Asp, Shartel & Cottingham,* for plaintiff in error:

1. The court erred in instructing that the burden of proving *bona fides* rested on the plaintiff, and in refusing to instruct that the burden of proving fraud devolved upon the defendant. See Wait, Fraud. Con., § 242; *Martin v. Fox,* 40 Mo. App. 664; *Smith v. Collins,* 10 S. Rep. 334; *Austin v. Bowman,* 81 Iowa, 257; *Allen v. Kirk,* 81 id. 658; *Lane v. Statt,* 1 S. D. 107; *Tenbrook v. Brown,* 17 Ind. 410; *Lininger v. Heron,* 18 Neb. 450; *Adams v. Ryan,* 61 Iowa, 733; *Schultz v. Hoagland,* 85 N. Y. 468; *Mills v. Hunt,* 15 S. W. Rep. (Ky.) 518; *Whitson v. Griffis,* 39 Kas. 214; *Long v. West,* 31 id. 298, 301; *Curry v. Lloyd,* 22 Fed. Rep. 267; *Kenney v. Williams,* 89 Mo. 139; *Cadere v. Guidry,* 7 S. Rep. (La.) 232; *Nadal v. Britton,* 112 N. C. 180; *Rice v. Rogers,* 34 Pac. Rep. 796.

2. The court erred in instructing that actual or constructive notice of a purpose on the part of the plaintiff's mortgagor to hinder, delay or defraud other creditors would defeat the plaintiff's mortgage.

On the facts of the case, the law is with the instructions refused and against those given. See *Kohn v. Clement,* 58 Iowa, 589; *Owens v. Clark,* 78 Tex. 547; *Hodges v. Coleman,* 79 Ala. 103; *Bell v. Throop,* 140 Pa. St. 641; *Lewy v. Fischl,* 65 Tex. 311; *Inglehart v. Willis,* 58 id. 306; *Strang v. Swaf-*

*ford,* 81 Iowa, 695, and cases cited; *York &c. Bank v. Carter,* 38 Pa. St. 446; *Hirsh v. Richardson,* 65 Miss. 227; *Cooper v. Bank,* 11 S. Rep. (Ala.) 760; *Nadal v. Britton,* 112 N. C. 180, 16 S. E. Rep. 914; *Rathell v. Grimes,* 35 N. W. Rep. (Neb.) 394; *Howell v. Bowman,* 10 S. Rep. (Ala.) 644; *National Bank v. Naill,* 52 Kas. 211.

The cases of *Gollober v. Martin,* 33 Kas. 252, *Phillips v. Reitz,* 16 id. 396, *Kurtz v. Miller,* 26 id. 314, and *McDonald v. Gaunt,* 30 id. 693, are not in conflict with the rule herein contended for.

3. The court erred in instructing the jury that when one brother prefers another as a creditor they must both act in good faith.

We submit that the relationship of the parties does not change the rule so as to make the fraud of a mortgagor alone a sufficient ground for setting aside the mortgage. That was the plain and palpable effect of this charge. See *Martin v. Fox,* 40 Mo. App. 664; *Smith v. Collins,* 10 S. Rep. 334; *Tenbrook v. Brown,* 17 Ind. 414; *Schultz v. Hoagland,* 85 N. Y. 468; *Lininger v. Heron,* 18 Neb. 450; *Allen v. Kirk,* 81 Iowa, 658; *Mills v. Hunt,* 15 S. W. Rep. (Ky.) 518.

The whole scope of this charge, together with the specific parts pointed out in this assignment of error, is utterly inconsistent with the case of *Lewis v. Hughs,* 49 Kas. 23. The instruction criticised in that case in tenor is very similar to the instruction complained of here. If that case be followed, it will work a reversal of this case.

4. The court erred in instructing upon the facts and peremptorily charging the jury what facts they ought to take into consideration.

The court certainly has a right to say to the jury what facts they may consider, providing no undue or misleading prominence is given to any particular fact, and the jury be left free to value or to reject any fact as having no evidential bearing on the case. But when a fact bears such relation to the case that as a matter of law the jury may accept it as a factor in the case or reject it altogether, then the peremptory

command of the court to the jury to consider that fact is an invasion of the province of the jury.

*J. D. Houston,* and *W. H. Boone,* for defendant in error:

The facts were admitted, and the law is plain that this suit could not be maintained by George E. Hasie till the attachment suits against him were in some manner disposed of. 16 Kas. 466; 18 id. 288; 22 id. 110; 23 id. 733; 24 id. 280. Even if the goods were attached as the property of M. S. Hasie, the rule is not changed. See *Talbot v. DeForest,* 3 Gr. (Iowa), 586; Cobbey, Repl., § 257.

1. There was no error in the instruction. Did the court place the burden of disproving fraud on the plaintiff, and neglect to place the burden of proving fraud on the defendant? We think not. It clearly charges the burden of proving the debt and mortgage on plaintiff, and straightway proceeds to charge the burden on defendant of proving, by a preponderance of the evidence, the allegations that the mortgage was fraudulent. When the whole instruction is read, this interpretation is inevitable. See 2 Thomp. Tr., § 2407.

It is always incumbent on plaintiff to make out his case and show title against the world in a replevin action. *Boot and Shoe Co. v. Ware,* 47 Kas. 483; *Implement Co. v. Parlin & Orendorff Co.,* 51 id. 566; 2 Cobbey, Ch. Mort., §§ 740, 749; Cobbey, Repl., § 484.

"When a mortgage is taken for more than is due from a person known to be insolvent, it is incumbent on the mortgagee to show that the mortgage was executed in good faith, for honest purposes, and to satisfactorily explain why the excess was thus secured." 17 N. W. Rep. 200; 25 id. 826; 2 Cobbey, Ch. Mort., § 777; Herm. Mort., p. 256; § 104; Jones, Ch. Mort., § 339; 33 Kas. 567; 53 Wis. 598; 23 id. 359.

Most of the authorities cited by opposing counsel on this question are where the creditor is plaintiff, attacking the conveyance for fraud. But where the mortgagee is plaintiff in a replevin action, attacking the creditor for goods or their value, as in the case at bar, the plaintiff has necessarily the

burden of proving his case as alleged. Cobbey, Repl., § 784; 47 Kas. 483. "It becomes immaterial upon whom the burden of proof rests, when all the evidence concerning the transaction to be inquired into is introduced." 41 Kas. 265. When this doctrine is applied to this case, the instruction complained of, even if wrong, is immaterial, and was not prejudicial.

2. As to the second assignment of error: It is alleged that the court wrongfully instructed the jury that one taking a mortgage with the knowledge that the mortgagor executed it with the intent to defraud creditors cannot recover. Counsel say such intent must have been participated in by the mortgagee. In 49 Kas. 23, however, the court uses this language: "A creditor in purchasing property of his debtor who is insolvent, and who he knows is attempting to dispose of his property to defraud other creditors, must act in the utmost good faith," etc.

3. As to the third and fourth assignments of error: The court did not instruct as there alleged. The court simply told the jury that a failing debtor may prefer a creditor, and if he is a brother to the preferred one, it makes no difference whatever, but "all parties must act in good faith."

4. If there is error in the instructions, it is not such as to demand a reversal of the judgment.

The court virtually instructed the jury that knowledge on the part of the mortgagee of the fraudulent intent on the part of the mortgagor would preclude recovery by the mortgagee. Now, even if the law required the court to charge that not only knowledge of but participation in the mortgagor's fraudulent intent was necessary, to preclude the mortgagee, still, under the facts of this case, the error does not demand a reversal.

Our contention is, that certain admitted facts in the case show George E. Hasie's participation in the fraud conclusively, by raising presumptions of fraud of which there is no attempt at rebuttal, and thus his participation in the fraud becomes a fact in the case for the jury to consider and act on

accordingly.   When the case was given to the jury, therefore, it was no longer a question of fact as to whether he did or did not participate in the fraud, to be determined on conflicting evidence, but it was an established fact that he did so participate, determined by undisputed evidence, and by presumptions of which no rebuttal or explanation was attempted.   See 28 Kas. 138; 32 id. 546; Bump, Fraud: Con., pp. 24, 25, 43; 32 Kas. 568; 40 id. 753; 13 Am. Rep. 893; 45 Kas. 52; 22 Fla. 561; same case, 1 Am. Rep. 212; 2 Cobbey, Ch. Mort., §§ 777, 783, 784, 760; 55 Iowa, 114; Jones, Ch. Mort., §§ 338, 339.

The opinion of the court was delivered by

JOHNSTON, J.: A stock of goods was seized upon attachment by the sheriff of Cowley county as the property of M. S. Hasie, with a view of appropriating the same to the payment of the claims of several of the creditors of M. S. Hasie. An action of replevin was soon brought by George E. Hasie, a brother of M. S. Hasie, to recover the same goods. He claimed them upon a mortgage executed November 29, 1888, to secure an indebtedness of his brother to him, which had existed for a period of eight months. The debt was evidenced by a note for $12,978.93, given on March 10, 1888, and upon which there was a credit of $5,690.69, purporting to have been made on November 1, 1888. The mortgage was recorded on November 30, and possession of the goods was soon afterward taken by the plaintiff. The sheriff answered, denying the allegations of the petition, and alleging that the goods levied upon belonged to M. S. Hasie, and were held under orders of attachment issued in an action wherein George E. Hasie was a party, which action was pending when the replevin action was begun. And he further averred, that the mortgage was fraudulent, without consideration, and void. The trial resulted in a verdict in favor of the sheriff, and several grounds of error are assigned for reversal.

It is first contended that the action was not maintainable, because it was commenced while the attachment suits against

him and his brother were pending and undetermined. It appears that George E. Hasie was named as a party defendant in the two attachment suits wherein the sheriff levied upon the goods in question. The levy, however, was made to satisfy the debt of M. S. Hasie, and the goods were attached as the property of M. S. Hasie.

The point that the property replevied was in the custody of the law might have been made with some force but for the conduct of the creditors who were plaintiffs in the attachment suits. The attachments were sustained, and judgment taken as to M. S. Hasie. The actions were not prosecuted against George E. Hasie, but were discontinued and dismissed from the court as to him, for want of prosecution. Having voluntarily abandoned the prosecution of the attachment suits against him, and permitted their dismissal from court before the trial of the replevin action, the defendant in error, who represents them, was estopped from insisting that the action of replevin by George E. Hasie was not maintainable. The abandonment and dismissal were shown by the defendant's own testimony, and together they constituted a waiver of the defense that the replevin action was begun before the attachment proceedings were disposed of.

4. Attachment—replevin—estoppel.

The principal grounds of error are based upon the rulings of the court in charging the jury. One of the contentions in the case was, whether the mortgage represented an actual indebtedness, or whether it had been executed with intent to deceive and defraud the creditors of M. S. Hasie. The jury were instructed that before the plaintiff could recover he must satisfy them by a preponderance of the evidence that the mortgage under which he claimed the property was executed and delivered to him by his brother in good faith, to secure an actual indebtedness then in good faith existing between them, and the court then added the following: "And the burden is upon him to satisfy you by a preponderance of the evidence of the truthfulness of this proposition in the first instance in in this case." This instruction was clearly erroneous. The

mortgage was fair upon its face, was properly recorded, and under it the plaintiff had taken possession of the goods at the time they were seized by the sheriff. In such a case, the burden of proof was upon the sheriff and those whom he represented to show that the mortgage was fraudulent, or that it had been executed for the purpose of delaying and defrauding the creditors of M. S. Hasie. Fraud is never presumed, and the burden to prove the same rests upon him who asserts it. In requiring the plaintiff to show in the first instance that the indebtedness was *bona fide*, and that the mortgage to secure the same was without fraud, the court committed prejudicial error. (*Gleason v. Wilson*, 48 Kas. 500; *Landauer v. Mack*, 57 N. W. Rep. 555.) To overcome this error, we are referred to another portion of the charge, in which the court appears to place the burden of establishing the bad faith and fraudulent purpose of the plaintiff and his brother upon the defendant. This, however, does not take away the vice of the instruction first given, but it would rather create confusion in the minds of the jury, and it cannot be said that the contradictory instructions were not prejudicial to the plaintiff.

The next assignment of error is based upon instructions to the effect that actual or constructive notice of a purpose on the part of the plaintiff's mortgagor to hinder, delay or defraud his other creditors would defeat the plaintiff's mortgage. The jury were advised that if M. S. Hasie made the mortgage with the intent to delay and defraud his creditors, and George E. Hasie knew of such intent, or of such facts as ought to put him on inquiry as to the wrongful intention of his brother, then the plaintiff cannot recover. There were several repetitions of this view included in the charge, and the court refused an instruction to the effect that fraud on the part of the mortgagor does not affect the mortgagee, unless he was a party to it, and received the mortgage with the intent to delay or defraud the creditors of the mortgagor; that both parties must participate in the fraudulent intent to

*Marginal note:* 1. Attachment by mortgagor's creditors—replevin by mortgagee—fraud alleged—burden of proof.

make the mortgage void, if the mortgage is taken in good faith, to secure an actual indebtedness existing at the time the mortgage is taken. In another instruction the court, in effect, charged that the preference could not be sustained unless both parties acted in good faith, and that constructive notice of the bad faith of the debtor would defeat the security which the creditor obtained.

The rule laid down and repeated by the court does not apply in the case of a creditor whose only purpose is to fairly obtain satisfaction of or security for an honest debt. A stricter rule obtains where a party is a mere volunteer. In such case, if a purchaser has knowledge of the fraudulent intent of the vendee or of facts which would put him upon inquiry, the transfer will ordinarily be deemed to be fraudulent as to him. (*Phillips v. Reitz*, 16 Kas. 396; *Gollober v. Martin*, 33 id. 252.) A *bona fide* creditor, how-

2. Preference of creditors—wrongful intent of debtor.

ever, may in good faith secure a preference of his debt, whatever may be the motive of the debtor in giving it. In taking either property or security from one who is insolvent, or who he knows is attempting to dispose of his property to defraud other creditors, he must act in the utmost good faith, and pay or allow his debtor adequate prices or fair value for the property so taken. (*Lewis v. Hughs*, 49 Kas. 23.) If his purpose is to assist the debtor in covering up his property, or in hindering and delaying creditors, he cannot be said to act in good faith. "However,

3. Creditor, commits no fraud, when.

a purchaser who in good faith takes the property of his debtor, at a fair valuation, in payment of his honest debt, is not guilty of fraud against anyone. The fact that the payment of his claim in this manner may absorb the entire property of the debtor is no evidence of bad faith, and does not necessarily taint the transaction with fraud." (*Schram v. Taylor*, 51 Kas. 547; *Davis v. McCarthy*, 52 id. 116; *Implement Co. v. Parlin & Orendorff Co.*, 51 id. 632; *National Bank v. Naill*, 52 id. 211.)

In *National Bank v. Ridenour*, 46 Kas. 717, the court, in

considering the effect of a mortgage given to secure a *bona fide* debt, said that "the plaintiff bank knew nothing of any wrongful intent; and it is probably true, under the authorities, that any amount of knowledge of the intent of the mortgagors, on the part of the plaintiff, would not render the mortgage void in its hands in favor of liens created after the recording of the mortgage, so long as the debt to secure which it was given was *bona fide*, and it got by its security no more than the fair value in property of the debt secured. (*Worland v. Kimberlin*, 6 B. Mon. 608; 44 Am. Dec. 785, and cases there cited; *Covanhovan v. Hart*, 21 Pa. St. 495; *Cooper v. National Bank*, 40 Kas. 5.)" See, also, *Chase v. Walters*, 28 Iowa, 469; *Kohn v. Clement*, 58 id. 589; *Owens v. Clark*, 78 Tex. 547. Although there is considerable testimony against the validity of the transaction, there was sustaining evidence offered by the plaintiff which entitled him to have his theory of the case fairly put to the jury, and from the record we cannot say that the error in the charge was without prejudice.

Complaint is made that undue prominence was given in the instructions to the relationship of the parties to the transaction. Of course, a failing debtor may prefer a brother or other relative, and no inference of wrong or fraud is to be drawn from the relationship alone. The fact, however, that they are closely related is a proper consideration for the jury, in connection with the other facts of the case, to aid them in determining the honesty and validity of the transaction. The charge of the court appears to have substantially embodied this view, and we cannot say that the court placed too much importance on the matter of relationship.

There are other questions suggested which we do not deem of importance; but, for the errors pointed out, the judgment must be reversed and a new trial granted.

All the Justices concurring.