# Goodgame *v.* Sanders.

## *Action of Detinue.*

1. *Conditional sale of personal property; retention of title by seller.*—When the vendor of personal property expressly retains the legal title in himself until the purchase money is paid, no title passes to the purchaser by the delivery of pos-

session; and such purchaser can convey no title to a sub-purchaser, though without notice, until the purchase money is paid.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This was an action of detinue brought by the appellee, John Sanders, against the appellant, T. J. Goodgame, to recover the possession of a cow. The plaintiff based his title and ownership to the cow upon a purchase of said cow from one Henry McFerrin. The defendant was in possession of the cow at the time of the institution of the suit as the agent or bailee of one Mrs. Nannie Keller. The other facts of the case are sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the introduction of all the evidence, the court rendered judgment for the plaintiff. The defendant appeals, and assigns as error the rendition of said judgment.

PINKNEY SCOTT, for appellant, cited *Weinstein v. Freyer,* 93 Ala. 257; *Sumner v. Wood,* 67 Ala. 130; *Fairbanks v. Eureka Co.,* 67 Ala. 169.

D. MACREARY, *contra.*

TYSON, J.—Section 1017 of the Code requiring contracts for the conditional sale of personal property, etc., etc., other than of railroad rolling stock, to be recorded is not in force in Jefferson county, and has not been since February 21, 1899.—Acts, 1898-99, p. 1120.

The plaintiff's right to recover, in this case, therefore, depends upon whether his vendor had title to the cow, he being in no position to invoke the doctrine of *bona fide* purchaser for value.—*Weinstein v. Freyer,* 93 Ala. 257.

The plaintiff predicates his right to the cow sued for upon the title of one Henry McFerrin from whom he says he purchased it. McFerrin claims to have derived

his title by descent from his wife, who purchased it from the defendant's bailor, Mrs. Keller.

It is shown, without dispute, that Mrs. Keller originally owned the cow and sold it to Mrs. McFerrin. Mrs. Keller testified positively that she retained the title to the cow until paid for and that the purchase money was never paid. The only attempt by plaintiff to contradict this testimony is found in a written showing for witness McFerrin, plaintiff's vendor, the substance of which is that the wife of the witness bought the cow from Mrs. Keller; "that she owned said cow at the time of her death and that the cow was a part of her estate; that witness sold the cow to the plaintiff in December, 1901; that it was his property at the time of the sale, and there was no lien of any kind on it."

This testimony affording an inference merely that the title to the cow was not retained, or if retained, that the purchase price had been paid, is, in our opinion, insufficient to overcome the positive testimony of Mrs. Keller, especially in view of the fact that the burden was upon plaintiff to show title in Mrs. McFerrin.

The case having been tried by the court without the intervention of a jury, the judgment will be reversed, and one will be here rendered for defendant.

Reversed and rendered.