# Higdon, Sheriff, *v.* Garrett.

## *Trespass and Trover.*

(Decided June 30, 1909.—50 South.. 323.)

1. *Appeal and Error; Presumption; Demurrer.*—Demurrers filed but not acted on by the trial court will be presumed to have been waived on appeal.

2. *Same; Discretion of Court; Re-opening Case.*—It is within the discretion of the trial court whether it will re-open a case to permit the introduction of evidence after a party has closed.

3. *Trial; Objections to. Evidence; Waiver.*—Where objections to evidence is limited to a certain point, all other objections are impliedly waived.

4. *Same; Directing Verdict.*—Where there is a conflict in the evidence, the affirmative charge is never properly given.

5. *Mortgages; Conditional Sale; Difference Between.*—Where propert is sold partly on a credit, and title is retained in the seller until the purchase price is paid with the right in the seller to retake the property in case of default, it is not a mortgage but a conditional sale.

6. *Sales; Conditional Sales; Record.*—The statute requiring conditional sales contract to be recorded, is not in force in Jefferson county.

7. *Same; Measure of Damages.*—The measure of damages for the conversion of property under conditional sale, is the amount of the unpaid purchase money with interest, if less than the value of the property, and if greater, then the value of the personal property with interest.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by W. J. Garrett against E. L. Higdon, as sheriff, for conversion of personal property. Judgment for plaintiff and defendant appeals. Reversed and remanded.

HINDS PEEVEY, JAS. W. STRATHER, and E. CROW, for appellant.——Plaintiff was estoped to assert that she retained title to the goods.—*Tobias v. Josiah Morris & Co.,* 126 Ala. 550. The verdict was excessive.—*Ryan, et al. v. Young,* 147 Ala. 669. As to the measure of damages in cases of this character, see also.—*Baker v. Cotney,* 150 Ala. 510; *Seibold v. Rodgers,* 110 Ala 445; *Keith v. Ham,* 89 Ala. 59; *Byrd v. Womack,* 69 Ala. 390. Counsel discuss other assignments of error, but without citation of authority.

KERR & HALEY, for appellee.——No brief came to the Reporter.

DENSON, J.——This action was brought by Mrs. W. J. Garrett against E. L. Higdon as sheriff of Jefferson county. The complaint contains two counts—one in trespass, for the taking of certain household and kitchen furniture, bedding, etc.; and the other in trover, for the conversion of the same property. Demurrers were filed to the complaint, but they were not acted upon by the trial court. It is therefore presumed that they were waived.

Three pleas were presented by the defendant—first, the general issue; second, that the goods involved in the suit were levied on under an attachment at the suit of Mrs. Nora E. Miller against Mrs. W. H. Greene, to enforce a landlord's lien for rent, and that plaintiff had no claim on the goods; and, third, that plaintiff was estopped from bringing this action because, before the said attachment suit was commenced, the plaintiff had stated to Mrs. Miller, or to her agents, that she had not

retained title to the goods levied upon, and that by reason of this statement Mrs. Miller had brought said attachment suit. Demurrers to these pleas were filed; but, as the record fails to disclose that any action was taken upon them, they, too, are presumed to have been waived.

There was evidence on the part of the plaintiff below that she bought the goods described in the complaint and used them in running a boarding house in Birmingham, as a tenant of Mrs. Miller; that in March, 1907, she sold out her boarding house business to Mrs. W. H. Greene, who became Mrs. Miller's tenant in the house plaintiff had occupied, and sold to her the goods described in the complaint, partly for cash and partly on credit, taking her notes for the deferred payments; that at the time of the sale there was an oral agreement between them that the title should remain in the plaintiff until all the notes were paid, and that if any of them were not paid at maturity she would have the right to retake the property; that the said property was levied on and taken by the defendant, as alleged in the complaint, and had not been returned to her, and that it was worth $500; that when the levy was made one of Mrs. Greene's notes for $22.50 was past due and unpaid; and that the whole amount on said notes unpaid was $142. 50. Plaintiff denied ever having stated that she had not retained title to the property. The deputy sheriff who made the levy testified that before he levied on the goods Mrs. Greene informed him that they belonged to the plaintiff. .

There was evidence on the part of the defendant that, before the suit in which the goods were levied upon was brought, plaintiff had told two of Mrs. Miller's agents that she had not retained title to the goods; that the agents told plaintiff they were going to attach the goods for Mrs. Miller's rent; and she repeated that she had not

retained the title to the goods, and told them to go ahead and attach. The only evidence as to the value of the goods, except that the plaintiff, was that of the deputy sheriff who made the levy, to the effect that they were very cheap, that some of the matting was worn out and not worth taking up, that the chairs and tables were broken and in bad fix generally, and that he told the agent of Mrs. Miller that they would not sell for enough to pay the costs in the case, and that of one Donaldson, a furniture dealer, who examined the goods five months after they were levied on, to the effect that they were worth $150. The jury returned a verdict for the plaintiff for $250. The court declined to set aside the verdict on the motion of the defendant.

The first assignment of error is based on the overruling of defendant's objection to plaintiff's testifying, in rebuttal, that about $25 worth of the goods levied on had been removed by some one while the goods were in the possession of the sheriff under the attachment. It is within the discretion of the trial court to allow the introduction of other testimony by a party after he has closed his case, and the exercise of this discretion is irrevisable.—*L. & N. R. R. Co. v. Barker*, 96 Ala. 435, 11 South. 453. The objection being limited to the point that the evidence was not in rebuttal, all other objections that might have been made are impliedly waived.— 3 Brick. Dig. p. 444, § 574. No error was committed in overruling the objection.

The second ground in the assignment of errors is based upon the refusal of the court to give the general affirmative charge for the defendant, as requested by him in writing. In support of this it is urged that the agreement claimed to have been made between the plaintiff and Mrs. Greene constituted a mortgage, and not a conditional sale, and that the same was void because not in writing. According to our decisions this contention

[Higdon, Sheriff, v. Garrett.]

must be resolved against the appellant.—*Piedmont, etc., Co. v. Thomson-Houston Motor Co.,* (Ala.) 12 South. 768, and cases there cited. It will be borne in mind that the statute requiring conditional sale contracts to be recorded is not applicable to the present case.—*Goodgame v. Sanders,* 140 Ala. 247, 37 South. 200. There was a conflict in the evidence as to whether or not any agreement was made for the retention of the title; and the circuit court properly submitted this issue to the jury, and committed no error in refusing the affirmative charge asked by the defendant.

The evidence does not warrant the assessment of exemplary damages, and the measure of the plaintiff's damages is the amount of the unpaid purchase money, with interest, if that be less than the value of the property wrongfully taken or converted; but, if such amount and interest exceed the value of the property, then the value of the property, with interest, would afford the measure of damages. The undisputed evidence shows that the unpaid balance due the plaintiff on her contract was not exceeding $142.50. This with interest, then, fixed the measure of plaintiff's damages, provided the jury should find that the property reached that mark in value. It follows that the damages assessed are excessive, and the court erred in not setting aside the verdict on this ground.—4 Mayfield's Dig. p. 765, § 427; Id. p. 764, § 412; *Morton v. Frick,* 87 Ga. 230, 13 S. E. 463; *Bradley v. Burkett,* 82 Ga. 255, 11 S. E. 492; *Johnson v. Whittemore,* 27 Mich. 463; *Rose v. Story,* 1 Pa. 190, 44 Am. Dec. 121; *Woods v. Nichols,* 21 R. I. 537, 45 Atl. 548, 48 L. R. A. 773.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, ANDERSON, MAYFIELD, and SAYRE, JJ., concur.