## MONEYWEIGHT SCALE CO. v. HALE-HALSELL GROCERY CO.

No. 6189.   Opinion Filed April 5, 1916.

(156 Pac. 1187.)

**SALES—Conditional Sales — Record of Contract — Necessity.** Under section 4179, Wilson's Rev. & Ann. St. 1903 (section 7911, Comp. Laws 1909; section 6745, Rev. Laws 1910), the filing of a contract of conditional sale with a register of deeds is constructive notice only of its existence; and if a party has actual notice of such conditional sale contract, the purpose of the statute is accomplished.

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by the Moneyweight Scale Company against the Hale-Halsell Grocery Company.   Judgment for defendant, and plaintiff brings error.   Reversed and remanded for new trial.

*D. E. Herschelman,* for plaintiff in error.

*Mosier, Greenslade & Reynolds,* for defendant in error.

Opinion by RITTENHOUSE, C. On January 16, 1909, the Moneyweight Scale Company entered into a conditional sale contract with the Porum Grocery Company for the purchase of one computing scale, of the value of $125. This contract retained the title to the scale in the vendor until the purchase price was paid in full. The contract was not filed for record until after the scale had been attached by the Hale-Halsell Grocery Company. This action was brought to recover possession of the scale by the Moneyweight Scale Company, or for the value thereof, in the sum of $125. At the trial the court refused to allow plaintiff to show that the Hale-Halsell Grocery Company had actual knowledge of the existence of the conditional sale contract prior to the time the scale was taken under the attachment proceedings.

Section 4179, Rev. & Ann. Stat. 1903 (section 7911, Comp. Laws 1909; section 6745, Rev. Laws 1910), provides:

"That any and all instruments in writing, or promissory notes now in existence or heretofore executed, evidencing the conditional sale of personal property, and that retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept, and when so deposited, shall be subject to the law applicable to the filing of chattel mortgages; and any conditional, verbal sale of personal property, reserving to the vendor any title in the property sold, shall be void as to creditors and innocent purchasers for value."

It is contended by the defendant that, the conditional sale contract not being on file at the time of the levy of

the attachment, the same was absolutely void, and that it would be immaterial whether the attaching creditor had actual notice of such contract at and prior to the time of the attachment. This view, was taken by the trial court, and testimony tending to prove actual knowledge on the part of the defendant was excluded. In this there was error. If the Hale-Halsell Grocery Company had actual notice of the existence of this contract, they had a superior notice to that obtained by the recording of their instrument; and it is the opinion of this court that, although the conditional sale contract was not recorded at the time of the attachment, yet if defendant, prior to the levy of the attachment, had actual notice that the title to the scale was retained by the vendor until the purchase price was paid in full, failure to record cannot be taken advantage of by them, they having had actual knowledge of such contract. In the case of *First National Bank of Larned v. Tufts,* 53 Kan. 719, 37 Pac. 127, Mr. Justice Horton, writing the opinion, says:

"* * * If a purchaser or a creditor has actual notice of the existence of the title notes or evidence of conditional sales before his purchase, or obtaining a lien on such property, he cannot be misled or imposed upon, if the original instrument, or a true copy thereof, is not deposited for record. The filing of a contract of a conditional sale with a register of deeds is constructive notice only of its existence; and if a party has actual notice of such existence otherwise than by the record, the full purpose of the statute is attained. Actual notice given in time is a substitute for recordation. It is impossible to make any good distinction between actual and constructive notice, though it may be very well said that actual notice is even better than constructive. Actual notice gives personally to a party full and ample information."

And the views herein expressed are supported by the citations relied upon by plaintiff, as follows: *Jones v. Clark et al.*, 20 Colo. 353, 38 Pac. 371; *Crumrine v. Reynolds*, 13 Wyo. 111, 78 Pac. 402; *Morton et al. v. Frick Co.*, 87 Ga. 230, 13 S. E. 463; *Hill v. Ludden & Bates Southern Music House*, 113 Ga. 320, 38 S. E. 752; *Thompson et al. v. Duff*, 19 Ill. App. 75; *Allen v. McCalla*, 25 Iowa, 464, 96 Am. Dec. 56.

The judgment should therefore be reversed, and the cause remanded for a new trial.

By the Court:   It is so ordered.