(76 South. 949)

WOMACK v. MYRICK LUMBER CO. (7 Div. 901.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. TRIAL ⬅82—GENERAL OBJECTIONS TO EVIDENCE.

Where objections to questions to a witness were general, and the subjects the questions concerned were relevant to the issues, the trial court properly overruled such objections, and also motions to exclude on the same general grounds.

2. EVIDENCE ⬅158(28) — BEST EVIDENCE — BOOKS OF ACCOUNT—STATUTE.

Under Code 1907, § 4003, providing that the books of account of any person, doing a regular business and keeping daily entries, may be admitted as evidence on certain conditions, books of account, when properly supported by suppletory oath, are usually the best evidence of their contents.

3. MECHANICS' LIENS ⬅71 — ENFORCEMENT OF MATERIALMAN'S LIEN — PROPERTY OF MARRIED WOMAN.

To sustain plaintiff's right to effect and have adjudicated and enforced a materialman's

lien on the lots of a married woman described in the complaint, it was essential to show, either that her husband in ordering the materials acted authoritatively for her and as her agent, or that, fully advised of the facts, she ratified his acts.

4. MECHANICS' LIENS ⟨⟩281(3) — MARRIED WOMAN'S PROPERTY—AUTHORITY AND RATIFICATION—EVIDENCE.

The mere act of a company in charging the price of materials for use on a married woman's lots to her husband as "agent" tended neither to prove that she authorized or empowered her husband to act as agent for her in the premises, nor to show a ratification of his· unauthorized acts by her; she not being shown to have the knowledge or information of the facts necessary to effect a binding ratification.

Appeal from Circuit Court, Etowah County; John H. Disque, Judge.

Action by the Myrick Lumber Company against ·Kate A. Womack and others. From a judgment for plaintiff, the named defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Judgment reversed, and judgment rendered discharging the named defendant.

J. S. Franklin, of Alabama City, for appellant. O. B. Roper, of Gadsden, for appellee.

McCLELLAN, J. This action to enforce a materialman's lien (Code, § 4765) was instituted by appellee against R. J. and K. A. Womack. R. A. Mitchell, who was also joined as a defendant, was, on plaintiff's motion, stricken out as a party defendant. The single count on which the submission to the court (without jury) was had was introduced by amendment after demurrer sustained to the original complaint. No demurrer to the count thus introduced appears to have been filed. So the sufficiency of the count is not considered.

[1, 2] The plaintiff was permitted to show by G. H. Myrick that the account for the materials used ·in improving two dwellings on two lots belonging to Mrs. Womack was stated on the books of the plaintiff against the husband, "R. J. Womack, agent." The objections to questions apt to elicit the matter indicated were general (Johnston v. Johnston, 174 Ala. 220, 224, 225, 57 South. 450); and, since the subjects they concerned were relevant to the issues involved, the court cannot be said to have erred in overruling the general objections interposed, nor in overruling motions to exclude on the same general grounds. Books of account, when properly supported by suppletory oath, are usually the best evidence of their contents (Code, § 4003; 2 Ency. Ev. p. 629); but there was no objection leading to the application of this rule to the inquiry as to whom the materials were "charged" on ,the books of the plaintiff.

[3, 4] In order to sustain the plaintiff's right to effect and have adjudicated and enforced a materialman's lien upon the lots described in the complaint, it was essential to show that either the husband, R. J. Womack, acted authoritatively for and as agent of the owner, K. A. Womack, in the premises, or that, being fully advised of the facts, she, the owner, ratified the acts of R. J. Womack in the premises. Wadsworth v. Hodge, 88 Ala. 500, 506, 7 South. 194; Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 478, 70 South. 140. The evidence in this regard does not even tend to establish either one or the other of these alternative essentials. The mere act of charging the price of the materials to "R. J. Womack, agent," did not tend to prove that the owner authorized or empowered R. J. Womack to act as agent for her in the premises; much less did it tend, in any degree, to show a ratification by the owner, she, the owner, not being shown to have had the knowledge or information of the facts necessary to effect a binding ratification. This case is, for all practical purposes, controlled by the doctrine of Wilson v. Andalusia Mfg. Co., supra.

The judgment is reversed in so far as it concludes against the appellant K. A. Womack, as well as in the respect it undertook to fix a lien on the lots described in the judgment; and a judgment will be here entered discharging said appellant.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.