(116 So. 412)
### TURNER v. RHODES. (3 Div. 579.)

Court of Appeals of Alabama. April 10, 1928.

Goodwyn & Goodwyn, of Montgomery, for appellant.

Walton H. Hill and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellee.

SAMFORD, J. ■ The judgment was against D. M. Turner and Mrs. Sallie S. Turner, his wife. The wife alone appeals. The question presented is whether the note signed by this appellant was as security for a debt owing by D. M. Turner, the husband. There is no statute better known or that has been more often the subject of judicial construction than section 8272 of the Code of 1923, which declares that: "The wife shall not, directly or indirectly, become the surety for the husband." The provision of the law has at times worked hardship and injustice, and has been often the subject of judicial criticism; nonetheless, it has always been upheld and, where it appears that wives have undertaken to secure the debts of their husbands, the courts have not hesitated to intervene and to declare the contracts void.

In the instant case, there can be no doubt that the original credit was extended to D. M. Turner, the husband; that at that time

he did not assume to act for his wife as her agent; that he purchased the material to build a house upon a lot belonging to his wife upon his own responsibility; that the material was charged to him, delivered to him, and that, so far as this plaintiff is concerned, the wife was never known in the transaction until D. M. failed to pay a balance due on the purchase price. True, the evidence discloses that the wife knew that D. M. was buying lumber and material, and was building a house on her lot; true, she is now enjoying, in a sense, the benefits of the transaction, but there is no evidence of agency shown whereby D. M. assumed to act as agent for and on behalf of his wife in the purchase of the material used in the building of the house. Code 1923, § 8272: Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So. 140, 4 A. L. R. 1016.

The insistence is made by appellee that, conceding the foregoing to be the law, he yet is entitled to an affirmance, for the reason that this cause was finally at issue on plaintiff's replication, which was proven. Appellee loses sight of the allegation of agency and ratification in the replication. There being no presumption of agency, by reason of the relation of the parties, the appellee is left without proof of this essential fact.

The trial court erred in its judgment. The judgment is reversed, and the cause is remanded.

Reversed and remanded.