## PONDER et al. v. BEELER MOTOR CO.

No. 26248.   Feb. 4, 1936.

Rehearing Denied March 24, 1936.

W. B. Garrett, for plaintiffs in error.

Jeff H. Williams, for defendant in error.

PER CURIAM. This action was commenced by the plaintiffs in error, R. C. Ponder, W. E. Wilson, and W. P. Dickson, of Elk City, Okla., against the Beeler Motor Company, of Chickasha, Okla., defendant in error, by filing in the district court of Grady county, Okla., an action in replevin for the possession of a certain automobile, and tried on March 7, 1934. The parties are in the same position in this court as they were in the court below, and will be referred to accordingly as plaintiffs and defendant.

The plaintiffs alleged in their petition, in substance: That they sold to one Mr. G. P. Dickson, a second-hand 1929 Chevrolet coach automobile for the sum of $263, and that there is a balance due in the amount of $173; that at the time the transaction took place there was executed a conditional sale contract, which retained title to the automobile in the vendor until the purchase price was paid in full; that the plaintiffs are the owners of the property and entitled to the possession of same from the Beeler Motor Company, defendant.

To this petition, the defendant answered by way of a general denial, but admitted the sale of the property by plaintiffs to G. P. Dickson under a conditional sale contract as alleged, whose residence address was in Oklahoma City, Okla.; that the defendant traded a new automobile to the said G. P. Dickson and allowed him the sum of $240 for the Chevrolet automobile in question. The defendant further admitted there was a balance due the plaintiffs under the conditional sale contract, but, inasmuch as it was never filed of record, it acquired title and possession without knowledge of plaintiffs' claim either actual or constructive.

The only question before the court is one of notice. Both plaintiffs and defendant admit that the conditional sale contract was never placed of record, and therefore, there was no constructive notice to defendant. Did the defendant have actual notice of its existence? If it did, then the very object and purpose of the statute has been accomplished.

Mr. Claude Jenkins was the first witness for the plaintiffs, and testified in substance that when he was employed by the plaintiffs in Elk City, Okla., Mr. George Beeler, president and manager of the Beeler Motor Company, defendant, called him on the phone and asked what they had against the car from G. P. Dickson, and was informed they had a mortgage on it. This testimony was neither objected to nor denied, and must stand as true, and constituted actual notice to the defendant of plaintiffs' claim against the car.

R. C. Ponder was the next witness, who testified as follows:

"Q. Thereafter, in April, a few days before the suit was filed, you say you talked to Mr. Beeler again. Who was present at that time? A. Yourself and my father, W. P. Ponder. Q. Now, then, Mr. Ponder, just tell the court what Mr. Beeler told you at the time you had those respective conversations with him concerning his deal with G. P. Dickson and concerning this particular automobile now in controversy? A. Mr. Beeler told me that—well, the first time that that was mentioned, it came up about some finance man calling or something in regard to the automobile, that Mr. Dickson was about to trade it off, or something in that line, and then the last time I talked with him was, Mr. Beeler said that he had signed Mr. Dickson up on the contract and that the new car was sitting out in front of the place and when the contract signing took place, and that as Mr. Dickson started out of the office there Mr. Beeler said that he asked Mr. Dickson about the title to the 29 model car that Mr. Beeler was trading for, and Mr. Beeler said that Mr. Dickson says, 'I owe a small balance on this car over at Elk City, that I am sending them my check,' or 'I will send it,' 'and then they will send me the title to the car.'"

The testimony further shows that Dickson informed defendant of the mortgage held by plaintiffs, and that he would pay it off and give them the title. The defendant

had ample opportunity to retain possession of the new automobile until the matters were adjusted.

Our court held in the case of Moneyweight Scale Company v. Hale-Halsell Grocery Co., 57 Okla. 135, 156 P. 1187, that if one has actual notice of the existence of a contract, he has superior notice to that obtained by the recording of their instrument.

In the same case, the court held:

"And it is the opinion of this court that, although the conditional sale contract was not recorded at the time of the attachment, yet if defendant, prior to the levy of the attachment, had actual notice that the title to the scale was retained by the vendor until the purchase price was paid in full, failure to record cannot be taken advantage of by them, they having had actual knowledge of such contract."

In this same case, the court cited a Kansas case, First Nat. Bank of Larned v. Tufts, 53 Kan. 710, 37 P. 127, which held as follows:

"* * * If a purchaser or a creditor has actual notice of the existence of the title notes or evidence of conditional sales before his purchase, or obtaining a lien on such property, he cannot be misled or imposed upon, if the original instrument, or a true copy thereof, is not deposited for record. The filing of a contract of a conditional sale with a register of deeds is constructive notice only of its existence; and if a party has actual notice of such existence otherwise than by the record, the full purpose of the statute is attained. Actual notice given in time is a substitute for recordation. It is impossible to make any good distinction between actual and constructive notice, though it may be very well said that actual notice is even better than constructive. Actual notice gives personally to a party full and ample information."

In the case of the Security Nat. Bank of Oklahoma City v. Truscon Steel Co. et al., 92 Okla. 81, 218 P. 665, this court in the syllabus said:

"The filing of a contract of conditional sale with a register of deeds is constructive notice only of its existence, and if a party has actual notice of such conditional sale, the purpose of the statute is accomplished."

In the case of the German American Nat. Bank v. Martin (Ill.) 115 N. E. 721, the court, in defining notice, in the syllabus stated as follows:

"One having notice of such facts as would put a prudent man on inquiry is chargeable with the knowledge of other facts which he might have decovered on diligent inquiry, and again, whatever is notice enough to excite attention and put a party on his guard and call for inquiry is notice of everything to which such inquiry might have led, and every unusual circumstance is ground of suspicion and prescribes inquiry."

When the Beeler Motor Company discovered that G. P. Dickson did not have title to his Chevrolet car, that fact, taken into consideration with the other facts, would be sufficient to start inquiry as to who did have possession of the title, and why.

While it is true that the plaintiffs were negligent in not filing their conditional sale contract of record in Oklahoma county, or in some other county, yet the law is such that when actual notice is given, that takes the place of constructive notice and is paramount and superior to constructive notice.

It is in line with the general current of authority to uphold conditional sales of personal property as valid against those who purchase the same with notice, either constructive or actual.

In view of the record in this case, and in the light of the above authorities, the court erred in sustaining demurrer to plaintiffs' evidence.

The judgment is therefore reversed, and the cause remanded to the district court for further proceedings not inconsistent with the views herein expressed.

The Supreme Court acknowledges the aid of Attorneys E. E. Hanson, John W. Beveridge, and Everett Petry in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Hanson and approved by Mr. Beveridge and Mr. Petry, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.