70 So.2d 822

**KENNEDY v. NELSON.**

**8 Div. 379.**

Court of Appeals of Alabama.

March 3, 1954.

R. B. Patton, D. U. Patton, Athens, for appellant.

Bruce Sherrill, Athens, for appellee.

**CARR, Presiding Judge.**

The plaintiff below brought suit against Guy Nelson and his wife, Mrs. Annie Ray Grisham Nelson, for work and labor done. The cause was tried without a jury, and the trial resulted in a judgment in favor of the plaintiff against Mr. Nelson, but in favor of the defendant, Mrs. Nelson. The plaintiff brings this appeal from the judgment in Mrs. Nelson's favor.

In material reviewable aspects the facts are not in dispute.

Mrs. Nelson was the sole owner of an eighty-two acre tract of land. She and her husband had lived on this farm for many years. Up until the year 1951 Mr. Nelson had looked after the farming and rental interests for his wife. Some disagreements arose over the management, and in 1951 Mrs. Nelson rented the place to her husband. The latter was to pay $100 a year for the pasture lands and one-third of the crops on the cultivated portion.

During the year 1952 the appellant contracted with Mr. Nelson to do some grading on the pasture lands. Mrs. Nelson did not in any manner participate in the plan, nor did she become a party to the agreement. In fact, the appellant did not know that Mrs. Nelson owned the farm until some time after the work was completed.

It appears that Mrs. Nelson knew the grading was in progress because the work was done not a great distance from her residence. The bill for the labor was mailed to Mr. Nelson, and he alone was pressed for payment.

Mr. Nelson did not consider the work satisfactorily done, and according to his claim he refused payment on this account. When it appeared that prompt payment would not be made, the appellant endeavored to get Mrs. Nelson to sign a note for the amount claimed. This she refused to do.

From this brief delineation of the evidence it is clear that if the appellant is entitled to recover against Mrs. Nelson this right must arise from the doctrine of principal and agent or from ratification of the contract.

■ We held in Turner v. Rhodes, 22 Ala.App. 426, 116 So. 412, that the relationship of husband and wife does not per se raise a presumption that the former acted as the agent of the latter.

Appellant's position is not strengthened by the mere fact that the property of the wife was benefited by the improvements. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45.

■ In other words, a party may choose the person with whom he deals. It may result that one has benefited by the contract of another to which he is not a party, but the law will not imply a promise to pay for this gain which inures incidentally by the performance of the agreement.

A very comprehensive statement of the law is found in the early case of Wadsworth v. Hodge, 88 Ala. 500, 7 So. 194, 196:

> "The contract must be either originally that of the wife, through herself or her authorized agent, or else the husband or other agent must assume to contract for her and in her own behalf, and such contract be subsequently ratified by her, with full notice or knowledge of its nature. In the absence of a contract of this character, no lien will attach to her property;

and, where the credit is given solely to the husband, he alone is bound, although it may appear that the wife knew that the building or improvements were in process of erection on her land, and said nothing, or that she and other members of the family afterwards occupied the building as a dwelling."

The question of instant concern has been reviewed by our appellate courts in various aspects a number of times. We will discuss and cite some cases which bear analogous factual foundations to the case at bar.

In Hawkins Lumber Co. v. Brown, 100 Ala. 217, 14 So. 110, the suit was to recover for the price of lumber used in improving the dwelling on the property of the wife. The purchase of the material was made by the husband and credit was given to him solely. There was no evidence that in the transaction he undertook to act as the agent of his wife.

In response to a review the Supreme Court held that under these circumstances the statute did not create a lien upon the property of the owner for the price of the lumber.

In the case of Hanchey v. Powell, 171 Ala. 597, 55 So. 97, the vendor knew that lumber he sold was to be used for repairs on property owned by the wife. The court observed that the lumberman did not sell the material to the wife or to her husband as her agent, but it was sold to the latter individually, and under this state of facts the wife was not "originally or primarily liable for the debt * * *."

A very similar factual situation and conclusion of law will be found in Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So. 140, 4 A.L.R. 1016.

In the case of Womack v. Myrick Lumber Co., 200 Ala. 591, 76 So. 949, 950, the materialman furnished lumber to improve two dwellings on lots belonging to the wife of the purchaser. The account was stated on the vendor's books in the name of the husband, agent.

The court held that this was not conclusive of the matter, but it was essential to show that either the husband acted with authority as the agent of his wife or that "being fully advised of the facts, she, the owner, ratified the acts of R. J. Womack (husband) in the premises."

The court observed in Fries v. Acme White Lead & Color Works, supra [201 Ala. 613, 79 So. 48]:

"If there was no such contract in this case, no liability was assumed by appellant, and none attached, for which she may be subjected in this suit; for if by express contract credit was given solely to the husband he alone is bound, although it may appear that the wife knew that the building or improvements were in process of erection on her land, and said nothing, or that she and other members of the family afterwards occupied the building as a dwelling."

We are unable to find any evidence in this record which would authorize us to hold that Mrs. Nelson ratified the agreement between her husband and the appellant, and became liable for the debt on this account.

In this aspect the only proof which has any tendency to establish this doctrine is the fact that Mrs. Nelson knew the grading was in progress and that she took no steps to disclaim any liability for payment for the work.

According to the authorities, this alone is not sufficient.

In the case of Wilson v. Andalusia Mfg. Co., supra, the wife, owner of the property, was frequently present during the progress of the repair work and caused changes to be made in the plans of alterations. The court held that these facts alone did not amount to a ratification.

See also, Womack v. Myrick Lumber Co., supra; Becker Roofing Co. v. Hanks, 228 Ala. 685, 155 So. 360; Weatherwax v. Heflin, 244 Ala. 210, 12 So.2d 554.

■ Appellant urges that the long relationship between Mr. and Mrs. Nelson in the management of the latter's farm gave

rise and application to the doctrine of implied agency.

We are, of course, faced with the testimony that this long standing relationship terminated in 1951.

 This question seems to be answered adversely to the position of appellant in 41 C.J.S., Husband and Wife, § 293(b), pages 777–778:

"Where the husband, in dealing with the wife's separate property, acts as her agent, persons dealing with him are bound to take notice of his authority as in the case of other agents, and are bound to inquire as to the extent of his authority; and persons having notice of the husband's agency will not be protected as to transactions with him hostile to her interest and beyond the apparent scope of his agency. * * *

 "Where one deals with the husband as principal, no fact of undisclosed agency appearing, the wife cannot be charged with liability; and it is not sufficient to charge the wife that the purchases were for the benefit of her separate estate."

 The record discloses that the parties completed taking of testimony in the cause on March 27, 1953. Subsequently the appellee made an oral motion requesting the judge to reopen the hearing and allow additional testimony to be taken on April 2nd. Appellant's objections to this procedure were overruled. At the conclusion of the hearing on April 2nd, the record discloses:

"That was all the evidence offered by either party. Defendants again rested and plaintiff requested permission to offer the testimony of Mr. Sims Saturday, April 4, 1953, at 2:00 P. M."

Then follows the examination of the witness, Mr. Sims.

We have given very careful consideration to the circumstances incident to this matter.

As we have indicated, the case was tried without a jury. There is no indication that appellant's rights were infringed by the procedure.

It is well settled that in matters of this character the sound discretion of the trial judge is invoked. We are clear to the conclusion that we would be out of harmony with the authorities to declare that in the instant case this discretion was abused. Ex parte State ex rel. Brittain, 237 Ala. 164, 186 So. 148; Higdon v. Garrett, 163 Ala. 285, 50 So. 323.

We have responded to the questions which are properly presented for our review.

It is ordered that the judgment below from which this appeal is taken be affirmed.

Affirmed.