# Daniel *v.* Bradford.

*Action for Money Had and Received.*

(Decided February 13, 1902.)

1. *Evidence of party as to transaction with deceased person; agents; Code, § 1794.*—In an action for money had and received or for money loaned, the defendant is incompetent (under section 1794 of the Code) to testify as to statements made by plaintiff's agent at the time of making the alleged loan,—the agent being dead at the time of the trial.

2. *Charges, misleading; when giving of not reversible error.*—The court will not reverse for the giving of a misleading charge, where the opposite party had an opportunity of requesting an explanatory charge.

3. *Assignments of error, when not considered.*—Assignments of error not insisted on in argument will not be considered.

APPEAL from Madison Circuit Court.

Tried before Hon. H. C. SPEAKE.

Action for money loaned and for money had and received. The evidence showed that W. J. Daniel was plaintiff's agent from 1894 up to the time of his death, which occurred before the institution of the suit. The evidence of defendant objected to, referred to in the opinion, was as follows: "Will Daniel said to me that he wanted to borrow three hundred dollars, and that he had asked his sister Bessie to lend him the money, and that she had agreed to do so, but on account of a request made by her husband in his life time, not to lend her

[Daniel v. Bradford.]

money to any of his or her kinspeople, she would have to make the check in someone else's name, and have him endorse the check, and by this means he (Will Daniel) could get the money without any of his sister Bessie's relatives knowing she was lending him any money, and that he, Daniel, would pay Mrs. Daniel back her money in ninety days."

From a judgment for defendant, plaintiff appeals.

J. C. KING, for appellant, cited Code, § 1794; *Mc-Crary v. Rash*, 60 Ala. 376; *Warten v. Stranc*, 82 Ala. 313; *Mobile Savings Bank v. McDonnell*, 87 Ala. 740.

R. E. SPRAGINS, *contra.*—No brief came to the hands of the reporter.

DOWDELL, J.—The appellant, Mrs. Bessie L. Daniel, brought suit to recover of H. S. Bradford, the sum of $300, and from a verdict and judgment in favor of the defendant Brandford this appeal is taken. The complaint contained two counts, one claiming the sum named as a loan made to the defendant on October 5, 1897, and the other claiming said sum as money had and received by defendant to the use of plaintiff on said date.

The court erred in overruling plaintiff's objection to the question asked defendant, while testifying in his own behalf, as to what Will Daniel said to him when he brought him the check for the three hundred dollars, and in allowing witness to testify against plaintiff's objection as to any statement made by said Daniel with regard to the transaction. This testimony was not admissible under section 1794 of the Code of 1896, which prohibits a party having a pecuniary interest in the result of the suit from testifying as to any statement by or transaction with a deceased person who, "at the time of such transaction or statement, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced." The evidence thus sought to be introduced was a statement by one W. J. Daniel, who was dead, and who was plaintiff's agent and represented her in mak-

[Clardy v. Walker.]

ing the alleged loan to Bradford. Bradford having a pecuniary interest in the result of the suit, opposed to that of Mrs. Daniel, cannot be heard to testify as to the statement made by her deceased agent, such testimony falling clearly within the inhibition of the statute. Code of 1896, § 1794; *McCrary v. Rash,* 60 Ala. 376; *Warten v. Strane,* 82 Ala. 313; *Bank v. McDonnell,* 87 Ala. 740.

Charge No. 2, given at the request of the appellee, may have been misleading in its tendency, but the appellant having had the opportunity of requesting an explanatory charge, cannot complain of the same as reversible error.

The remaining assignments of error not being insisted upon in argument, will not be considered.

For the error pointed out, the judgment of the court below will be reversed and the cause remanded.