## Wilson *v.* Andalusia Mfg. Co.

### Material-man's Lien.

(Decided November 4, 1915.   70 South. 140.)

1. **Mechanics' Lien; Improving Wife's Property; Husband's Authority.**— Where the contract was admittedly with the husband alone, and he was not authorized by the wife to contract on her behalf for the material, a material-man had no lien under § 4754, Code 1907, for materials furnished for the improvement of the wife's real estate.

**2. Same; Ratification.**—The fact that the wife was constantly on the premises during the time while the work was in progress in which the materials were used, and caused changes in the plan to be made, did not constitute a ratification by her of the contract for materials so as to impose liability upon her for them.

APPEAL from Covington Chancery Court

Heard before Hon. W. R. CHAPMAN.

Bill by the Andalusia Manufacturing Company against M. L. Wilson. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

The bill alleges the filing of the declaration, in the office of the judge of probate, which is made an exhibit, and that the materials were furnished for the said building under a contract with the respondent or her agents, setting out the balance due, and also describing the land sought to be subjected. The bill was afterwards amended, so as to show that the contract was made with her authorized agent.

W. L. PARKS, for appellant. JONES & POWELL, for appellee.

McCLELLAN, J.— (1) This bill was filed by the appellee against the appellant to have established and enforced a materialman's lien on property improved with the material furnished.—Code, § 4754. The decree awarded the relief sought.

According to the evidence the materials were furnished to, and solely on the credit of, the husband of the appellant, who owned the lot therewith improved. The contract for the materials was made with the husband alone. The law governing the rights of the parties concerned is thus well stated in *Wadsworth v. Hodge,* 88 Ala. 500, 506, 7 South. 194, 196: "The contract must be either originally that of the wife, through herself, or her authorized agent, or else the husband, or other agent, must assume to contract for her and in her own behalf, and such contract be subsequently ratified by her, with full notice or knowledge of its nature. In the absence of a contract of this character, no lien will attach to her property. And where the credit is given solely to the husband, he alone is bound, although it may appear that the wife knew that the building or improvements were in process, of erection on her land, and said nothing, or that she and other members of the family afterwards occupied the building as a dwelling."

[Wilson v. Andalusia Mfg. Co.]

(2) The evidence does not admit of the conclusion that the wife authorized her husband to contract for the materials for her. He did not assume or attempt to do so. The materialmen did not so attempt to engage. The chancellor thought the evidence authorized the conclusion that the wife bound herself and her property by ratification. There was error here. Her acts in causing changes of plans for the repairs and her practically constant presence at the building during its alteration and repair could not be referred to her ratification of the contract for materials that was not made or attempted to be made in her name or for her. On the contrary, that was made by her husband alone, on his own responsibility. The circumstances shown do not commend to this court the conduct of this husband and wife, nor justify any satisfaction here with the result to follow from our conclusion. Yet, the law's long-established rules should not be wrenched from their effects or denied efficacy to avert what proper caution and precaution on the part of the appellee would have made impossible in this instance. The materialmen should have ascertained before-hand that the proposed improvement was to be of property not owned by the husband. To their lack of care for their own interests is to be attributed the opportunity this husband and wife have been afforded to receive the benefit of the improvement at the expense in part of this appellant. If this court was empowered or free to give effect to an obvious moral obligation on the part of this respondent, it would enforce the demand this appellant justly seeks to have satisfied. With the utmost reluctance, the decree is reversed, and a decree will be here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.