# Norton *v.* Birmingham Fertilizer Co.

### Assumpsit.

(Decided February 6, 1917.   74 South. 97.)

1. **Appeal and Error; Waiver.**—If the cause is submitted without objection the irregularity of not issuing summons to defendant who does not appeal, the judgment being against two defendants, is waived. (Code, § 2884, as amended, Acts 1911, p. 589.)

2. **Husband and Wife; Actions Against; Jury Question.**—Where the action is upon a note against a husband and a wife and the defense was that the wife signed as surety for her husband under § 4497, Code 1907, and the evidence was in conflict as to whether the debt was that of the husband or of defendant wife, the question was one for the jury.

3. **Husband and Wife; Agency of Husband; Ratification.**—If the wife ratifies a purchase of goods by her husband as her agent by giving a note, the wife is liable on the note, whether the husband was originally authorized to act for her or not.

4. **Charge of Court; Specific.**—The giving of an instruction for plaintiff omitting to hypothesize knowledge of the facts as essential to a ratification could have been corrected by a proper explanatory charge which it was the duty of defendant to have requested.

APPEAL from Barbour Circuit Court.

Heard before Hon. J. S. WILLIAMS.

Assumpsit by the Birmingham Fertilizer Company against Katie Norton and another. Judgment for plaintiff and the named defendant appeals. Affirmed.

[Norton v. Birmingham Fertilizer Co.]

G. L. COMER, for appellant. McDOWELL & McDOWELL, for appellee.

BROWN, J.— (1) This appeal is prosecuted from the judgment of the circuit court rendered in an action on a promissory note against the appellant and another; and while the record does not show that summons was issued to the defendant who did not join in the appeal as required by the statute (Acts 1911, p. 589, amending section 2884, Code 1907), yet the cause was submitted without this irregularity being noticed and this operated as a waiver of the irregularity (*Vaughan v. Higgins,* 68 Ala. 546).

(2) The only defense interposed by appellant was that she was a married woman living with her husband, that the note was given for his debt, and that she signed as his surety.—Code 1907, § 4497.

The evidence shows that, at the time the indebtedness the consideration upon which the note was executed was contracted, the appellant owned a farm upon which she and her husband and codefendant resided; that the husband operated the farm and was the agent of the appellant in looking after the business connected with her farm; that the consideration of the debt was guano purchased and used on the appellant's farm. And there is evidence tending to show that the guano was sold on the wife's credit. This fact distinguishes this case from *Wilson v. Andalusia Mfg. Co.,* 195 Ala. 477, 70 South. 140.

While the evidence offered by the appellant shows that the debt was that of the husband, and that she signed the note as his surety, it was a question for the jury as to whether the debt for which the note was given was appellant's debt or the debt of the husband, and the affirmative charge requested by appellant was refused without error.

(3, 4) If the appellant's husband acted as her agent in the purchase of the guano, whether it was within the scope of his authority or not, and she afterward ratified the transaction by giving the note therefor, she would be liable. While knowledge of all the facts is essential to ratification, charge 2 given at the instance of plaintiff does not deal with this phase of the case; and, while the charge may have misleading tendencies, this could have been corrected by a proper explanatory charge. The giving of the charge does not constitute reversible error.—*Rogers, et al.*

*v. Whittle, infra,* 74 South. 96; *Daniel v. Bradford,* 132 Ala. 262, 31 South. 455.

    Affirmed.

## ON REHEARING.

The appellant in the application for rehearing takes issue with the court as to the statement in the original opinion that, "there was evidence tending to show that the guano was sold on the wife's credit," and insist that the record does not sustain this statement. In addition to the facts stated in the original opinion tending to this conclusion, the appellant testified on cross-examination:

"That she was living on a plantation owned by herself, and that her husband was farming on the place, and that the fertilizer purchased was used on the place which was owned by her and operated by her husband, and as his wife she received the benefits of the farm, and her husband was her agent looking after the business."

The witness Zorn testified:

"That M. K. Norton, the defendant, and husband of the defendant Katie Norton, purchased the fertilizer from him, and that at the time he sold it he told the said M. K. Norton that he would not sell it to him, but would if his wife would buy it and his wife gave her note for it."

While this witness further testified that this was two months before the note was given and that appellant was not present, it further shows that she afterwards signed the note without question or objection; that her signature appears first on the note; that her husband's signature follows.

While the appellant testified that she did not purchase the guano and authorized no one else to purchase for her, there is nothing in the evidence to show that she was not fully informed as to the facts or to rebut the inference that she ratified the purchase by giving the note.

We reiterate, "there was evidence tending to show that the guano was sold on the wife's credit," and add, tending to show that she afterwards ratified the transaction by giving the note now in suit.

    Application overruled.