(81 South. 856) ·

NATIONAL SUPPLY CO. v. J. T. HORNE VENEER CO.  (6 Div. 496.)

(Court of Appeals of Alabama.  April 8, 1919.)

1. SALES ☞85(3), 168½(10)— CONTRACTS — CONSTRUCTION.

Where plaintiff shipped to defendant one-half a barrel of boiler compound under an agreement that a 90-day trial should' be given, and, if unsatisfactory, the same should be returned and no charges made, defendant was bound to make the 90-day test, and, as the compound had to be consumed in making the test, defendant, where it proved unsatisfactory, was not liable for any charges or to return the compound, though the whole was consumed.

2. TRIAL ☞256(2)—INSTRUCTIONS—REQUEST.

Where a charge was not erroneous, though it might have been misleading, a party, if not satisfied with it, must ask an explanatory charge in order to predicate error thereon.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by the National Supply Company against the J. T. Horne Veneer Company. From a judgment for defendant, plaintiff appeals.  Affirmed.

W. J. Monette, of Tuscaloosa, for appellant.
Edward DeGraffenreid, of Tuscaloosa, for appellee.

SAMFORD, J.  [1, 2] Plaintiff shipped to defendant one-half barrel of boiler compound, "Guaranteed, ninety-day trial, same, if not satisfactory, to be returned and no charges made." The character of the compound was such that to be used it had to be consumed, and, if the whole of the shipment was used within the 90 days, then a return of any part of the shipment became impossible. The acceptance of the compound was subject to the approval of defendant after a test of 90 days.  Under the contract the shipment could not have been rejected without this test (Manchester Sawmill Co. v. Arundel Co., 197 Ala. 505, 73 South. 24), and if in good faith the defendant used the entire shipment within the 90 days in making the test, which proved unsatisfactory, then the defendant would be under no obligation either to return the compound or to pay for same. This was in effect the charge of the court to the jury to which exception was taken, and was without error.  While the charge of the court may have been misleading, it was not erroneous, and if the plaintiff was not satisfied, it should have asked an explanatory charge. Daniel v. Bradford, 132 Ala. 262, 31 South. 455.

The evidence was in conflict, and therefore the general affirmative charge as requested by the plaintiff was properly refused.

There is no error in the record, and the judgment is affirmed.

Affirmed.

—————

(81 South. 856)

BENTON MERCANTILE CO. v. BOYETTE. (4 Div. 576.)

(Court of Appeals of Alabama.  April 22, 1919. Rehearing Denied May 13, 1919.)

1. TRIAL ☞143—TAKING CASE FROM JURY— CONFLICTING EVIDENCE.

Where there was a sharp conflict in the evidence, the affirmative charge was properly refused.

2. APPEAL AND ERROR ☞502(1) — BILL OF EXCEPTIONS—MOTION.

Where no exception is shown to have been reserved to court's action in denying motion for new trial, and Acts 1915, p. 722, requiring bill of exceptions to contain evidence and ruling on motion for new trial, has not been complied with, ruling of court on motion will not be reviewed on appeal.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Action by Ester Boyette against the Benton Mercantile Company in trover, conversion, and detinue.  Judgment for the plaintiff, and defendant appeals.  Affirmed.

Baldwin & Murphy, of Andalusia, for appellant.
A. Whaley, of Andalusia, for appellee.

BRICKEN, J.  [1] Assignment of error No. 1 is based upon a question of fact, and relates to the ruling of the court in refusing the affirmative charge to appellant. Upon an examination of all the evidence it appears that it was in sharp conflict and for that reason the affirmative charge was properly refused.

[2] The remaining assignment of error relates to the ruling of the court in refusing to grant appellant a new trial.  No exception is shown to have been reserved to the action of the court in denying the motion, nor is there a compliance with the law relative to the right to have reviewed the ruling of the court in this connection.  Acts 1915, p. 722; Ross v. State, 78 South. 309;[1] Powell v. Folmar (Sup.) 78 South. 47.[2] This question, therefore, is not presented; and, no error appearing, the judgment of the lower court is affirmed.

Affirmed.