(88 South. 564)

**TAYLOR v. McGILL.   (7 Div. 171.)**

(Supreme Court of Alabama.   April 7, 1921.)

Mechanics' liens ⬷➡263(3)—Where not made a party, lessor is not bound by judgment foreclosing lien against building erected by tenant.

Where plaintiff's son contracted for lumber to erect a dwelling on land owned by his father, and defendant, after the son had moved from the property and it was sold to another, brought proceedings to foreclose his materialmen's lien, but plaintiff was not made a party for the purpose of foreclosing the lien on the building and unexpired term of the lease pursuant to Code 1907, §§ 4756, 4766, plaintiff's interest as owner and lessor was not affected, either as to the land or the building thereon, and judgment of foreclosure, etc., was void in view of sections 4754, 4757, and 4767.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Bill to quiet title by J. G. McGill against Buel Taylor, who filed a cross-bill. From a decree for complainant dismissing the cross-bill, defendant appeals. Affirmed.

M. M. Smith, of Pell City, for appellant.

Respondent had a materialman's lien. Section 4754, et seq., Code 1907; 70 Ala. 587; 63 Ala. 225; 63 Ala. 338; 78 Ala. 592; 88 Ala. 500, 7 South. 194. The claimant had no possession of the acre in dispute such as would authorize the filing of the bill. 145 Ala. 244, 39 South. 578; 144 Ala. 408, 39 South. 46; 142 Ala. 486, 39 South. 242; 142 Ala. 490, 39 South. 162; 78 South. 383. In any event, respondent acquired title to the dwelling house. 79 Ala. 133; 78 Ala. 592; 96 Ala. 346, 11 South. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105; 124 Ala. 195, 26 South. 952.

H. M. Abercrombie, of Birmingham, and Starnes & Starnes, of Pell City, for appellee.

In the absence of J. C. McGill as a party to the contract and to the enforcement of

the lien, no lien was acquired. 67 Ala. 594; 88 Ala. 500, 7 South. 194; section 4754, Code 1907; 195 Ala. 477, 70 South. 140, 4 A. L. R. 1016; 100 Ala. 217, 14 South. 110; 83 Ala. 443, 3 South. 759; 96 Ala. 346, 11 South. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105; 43 Ala. 308. The judgment of the justice court was void. Section 4765, Code 1907; 200 Ala. 590, 76 South. 948. The appellee was in peaceful possession of the property. 128 Ala. 579, 30 South. 60; 71 Ala. 55.

MILLER, J. This is a suit to quiet title. It is brought by J. C. McGill against Buel Taylor. The bill describes the land, alleges possession and ownership in the complainant, and that J. C. McGill, the defendant, claims some right, title, interest, or incumbrance upon the land, and there is no suit pending to test the validity of such title, claim, or incumbrance. Sections 5443, 5444, Code 1907.

The defendant files answer in the nature of cross-bill and claims to own one acre of land, with the house thereon, as described in the complaint. He avers that there was a house built thereon by John McGill, the son of complainant; the defendant furnished the lumber to John McGill to build it; that John McGill owned the land, and defendant secured a lien thereon for the balance due—$39.34—for material and lumber furnished.

A verified statement of the claim for $39.94, balance due by John McGill for lumber to erect the house, and a description of the land, were filed and recorded in the probate office of St. Clair county, Ala. Suit was filed on this claim in the justice of the peace court by Buel Taylor against John McGill, judgment obtained, and lien established on the one acre of ground and the house thereon, which was erected with the lumber. Under this judgment there was a sale of the one acre lot and house by the sheriff. The defendant, Buel Taylor, purchased it, and the sheriff conveyed it to him by deed. Section 5445, Code 1907.

This case was tried by the judge on oral examination of the witnesses in open court. The court dismissed the cross-bill, declared there was equity in the original bill, and granted relief to complainant, and held that defendant has no right, title, interest, or incumbrance on the land.

The evidence showed that complainant owned the S. E. ¼ of N. W. ¼ of section 35, township 16, range 1 east in said St. Clair county, except about seven acres thereof sold to Eley Lee and J. M. Mize, evidenced by deeds made to them. The one acre claimed by the defendant under his sheriff's deed was a part of the land owned by and described in complainant's bill. The complainant has owned the land for 20 or 25 years, and was in possession of all of it when this suit was commenced.

The contract for the lumber was made by Buel Taylor with John McGill. It was charged to him. Suit for it was brought against John McGill alone. The complainant was present when the lumber debt was contracted. Complainant's evidence showed it was stated at the time of sale that the lumber was purchased by John McGill to build a house for himself on land of complainant. Defendant's evidence showed it was stated that the lumber was purchased to build a house on land given him by his father. The lien was established in the justice of the peace court on the acre lot as the property of John McGill. It was sold by the sheriff as his property. The complainant was not bound by said judgment. He could have been made a party to that suit; he was not. Section 4766, Code 1907.

As the evidence showed complainant owned the acre lot, as John McGill alone contracted the debt for the lumber, as John McGill alone was party defendant to the suit for the debt and to establish the lien on the lot and house, then the judgment lien on the lot and house established thereby, the writ of sale, the sale and the sheriff's deed are all void as to J. C. McGill, the complainant in this cause, and are a cloud on his title. Sections 4754 and 4766, Code 1907; Roman v. Thorn & Gorrie, 83 Ala. 443, 3 South. 759; Hawkins Lbr. Co. v. Brown, 100 Ala. 217, 14 South. 110; Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 South. 140, 4 A. L. R. 1016.

The appellant claims, if he has no lien on the lot, then he has a lien on the dwelling house erected with his lumber on the lot. This may be true from the facts, if the complainant had been made a party defendant to the original suit in the justice court. Under the evidence the complainant owned the land when the lumber debt was contracted. He allowed his son to erect a house thereon. The son was at least his tenant at the time, occupying a tent on the land. Before the suit was filed in this justice court to enforce the lien on the house and land or lot, the house was rented to another. John McGill had moved. If John McGill and his father, J. C. McGill, had both been made parties defendant to the suit in the justice of the peace court, one being lessor and the other lessee, a lien may have been established on the house or dwelling and unexpired term of the lease under section 4756 of the Code of 1907. The complainant, as lessor, could have been made a party defendant in the suit before the justice of the peace to establish a lien on the dwelling house and the leasehold interest; but he was not, and therefore he is "not bound by the judgment or proceedings therein."

The defendant claims a lien on the dwelling through that materialman's lien, justice of the peace judgment, the sale thereunder, and the sheriff's deed. The complainant was not a party to that proceeding; his interests were not represented therein; and his property, the lot, his interest in the dwelling

thereon as owner of the lot, and his interest as lessor therein cannot be affected thereby. When the lien is sought to be established on the building or the building and leasehold interest, where the relation of lessor and lessee exists, under section 4756, the lessor is a necessary party. If the lien is established under section 4756 of the Code of 1907, then section 4757 permits him to pay off and discharge the lien before a sale of the property. Sections 4756, 4767, 4754, Code 1907; Roman v. Thorn & Gorrie, 83 Ala. 443, 3 South. 759; Hawkins Lbr. Co. v. Brown, 100 Ala. 217, 14 South. 110; Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 South. 140, 4 A. L. R. 1016.

We have read carefully all the evidence in this case. The court below heard the witnesses testify. We concur with his conclusions on the testimony. We find no error in his decree.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.