(93 South. 261)

### McCOLLUM v. STATE. (8 Div. 981.)

(Court of Appeals of Alabama. June 6, 1922.)

**1. Grand jury ☞8—Jury ☞62(3)—Motion to quash venire, as containing names from other district than that of alleged crime, without merit.**

Where a motion to quash the venire and a plea in abatement were founded on the drawing of the grand and petit jurors, in that the jury commission had placed in the jury box names of persons residing in the district of the Albertville branch of the court, whereas, the offense, if committed, was committed in the Guntersville district, the motion was without merit.

**2. Criminal law ☞1124(4)—Action of court, overruling motion for new trial, not raised, without bill of exception.**

Where Acts 1915, p. 722, requiring bills of exceptions to contain evidence on motion for new trial, has not been complied with, the ruling of the court on motion for new trial will not be reviewed on appeal.

**3. Criminal law ☞811(3)—Refusal of instruction singling out evidence not error.**

In an intoxicating liquor prosecution, the refusal of defendant's instruction, "that if all defendant did and all the connection he had with said distillery was that he poured some whisky from one vessel into another, then your verdict

should be not guilty," was properly refused, as singling out a part of the evidence and giving it undue prominence.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Henry McCollum was convicted of violating the prohibition laws, and he appeals. Affirmed.

The motion to quash the venire and the plea in abatement were both founded upon the drawing of the jury that returned the indictment and that of the petit jurors for the trial of the case, in that the jury commission had knowingly, fraudulently etc., placed in the jury box names of person residing in the district of the Albertville branch of the court, whereas, the offense, if committed, was committed in the Guntersville district of the court.

Street & Bradford, of Guntersville, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The court properly sustained demurrers to the plea in abatement and overruled motion to quash. Ante, p. 88, 89 South. 164; 206 Ala. 56, 89 South. 69; 88 South. 197. Nothing is presented for review on motion for new trial. 81 South. 856; 204 Ala. 311, 85 South. 393.

BRICKEN, P. J. The indictment preferred against this defendant contained two counts. Count 1 charged him with the offense of distilling, making, or manufacturing alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol; and count 2 that he manufactured, sold, gave away, or had in his possession a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors, etc.

[1] There was no merit in the motion to quash this indictment, and the demurrers to the plea in abatement were properly sustained. Kuykendall v. State, 16 Ala. App. 197, 76 South. 487; Lang v. State, ante, p. 88, 89 South. 164.

The motion to quash the venire of the petit jury, coupled with a challenge to the array of the petit jury furnished to the defendant for the trial of this case, were properly overruled. Reeves v. State (Ala. App.) 17 Ala. App. 684, 88 South. 197; Garner v. State, 206 Ala. 56, 89 South. 69.

[2] The action of the court in overruling defendant's motion for a new trial is not presented for review. Benton Mercantile Co. v. Boyette, 17 Ala. App. 78, 81 South. 856;

Stover v. State, 204 Ala. 311, 85 South. 393; Crawley v. State, 16 Ala. App. 545, 79 South 804; Acts 1915, p. 722.

On the trial of this case, no exceptions were reserved to the rulings of the court, nor to the oral charge.

[3] The remaining question, not hereinabove discussed, is the refusal of a special written charge as follows:

"The court charges the jury that, if all defendant did and all the connection he had with said distillery was that he poured some whisky from one vessel into another, then your verdict should be not guilty."

That this charge was properly refused is so clearly apparent it needs no discussion. It singles out a part of the evidence, and gives undue prominence thereto. Moreover, it was for the jury to say, after a consideration of all of the evidence adduced upon this trial, whether or not the state had met the burden placed upon it by proving the defendant guilty as charged beyond a reasonable doubt and to a moral certainty. It appears there was ample evidence upon which to predicate the verdict of guilt rendered by the jury, and therefore sufficient to support the judgment of conviction rendered thereon.

No error is apparent upon the record. All of the rulings of the court were without error. Let the judgment of the circuit court stand affirmed.

Affirmed.