(114 So. 406)

## HERRIN v. BURNETT. (1 Div. 463.)

Supreme Court of Alabama. Nov. 10, 1927.

1. **Evidence** ⬅️474(12)—**Opinion of nonexpert witness that lumber was about No. 2 held incompetent.**

In suit to establish a materialman's lien for lumber, opinion of witness admitting he was no expert, and further stating he was not much on lumber, that lumber furnished by materialman he considered to be about No. 2, *held* incompetent and its admission erroneous.

2. **Mechanics' liens** ⬅️71—**To bind wife's property for materials furnished to improve it, contract must be with her, or through her authorized agent.**

To bind wife's property for value of materials furnished to improve it, contract must be either originally that of wife through herself, or authorized agent, or husband or agent must assume to contract for her, and contract be subsequently ratified by her with full notice.

3. **Mechanics' liens** ⬅️71—**Where credit is given solely to husband for materials, he alone is bound, though wife knew improvements were being made on her land.**

Where credit is given solely to husband for materials, he alone is bound, although wife may have known that building or improvements were in process of erection on her land and said nothing, or that she and other members of family afterwards occupied building as a dwelling.

4. **Mechanics' liens** ⬅️288(2)—**Refusal of general charge for wife held proper, where question whether she was liable for materials, was one of disputed fact (Code 1923, § 8832 et seq.).**

In suit, under Code 1923, § 8832 et seq., by assignee of materialman to have lien for value of lumber furnished for building declared on land belonging to wife, general charge for defendant was properly refused where evidence as to wife's liability because of assisting in selecting lumber in connection with fact that it was used in the building was one of disputed fact for jury.

5. **Mechanics' liens** ⬅️289—**Charge, if account was by contract between husband and wife and materialman, charged to husband, not to find for materialman against wife held misleading (Code 1923, § 8832 et seq.).**

In suit under Code 1923, § 8832 et seq., to establish lien for lumber furnished on land of wife, defendant's requested charge, that if account was, by contract between husband and wife and materialman, charged to husband jury could not find for materialman, *held* misleading and its refusal proper.

6. **Mechanics' liens** ⬅️280(3)—**Rejection of paper writing showing that materialman suing to establish lien against wife's property was indebted to husband held proper.**

In suit to establish a mechanic's lien on property of wife for lumber for erecting a garage, rejecting paper writing signed by materialman and showing on date thereof materialman was indebted to husband in named sum *held*

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

proper, where purpose thereof was to show that husband paid bills previous to bill sued on.

**7. Mechanics' liens ⬤�net288(1)—That evidence preponderated for defendant did not authorize court to take case from jury.**

In suit to establish a mechanic's lien on property of wife, that preponderant weight of evidence was on side of defendant did not authorize court to take case from jury.

Appeal from Circuit Court, Mobile County; T. J. Bedsole, Judge.

Action to establish and enforce a material-man's lien by Lida Burnett against Irene A. Herrin. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Charge 2, refused to defendant, is as follows:

"The court charges the jury that if the account was by contract between Mr. and Mrs. Herrin and the F. R. Wood Lumber Company, charged to Mr. Herrin, the jury cannot find a verdict for the plaintiff."

Rittenhouse M. Smith, of Mobile, for appellant.

A witness cannot give his opinion or judgment based on a mere conjecture. Southern Ry. Co. v. Weatherlow, 153 Ala. 171, 44 So. 1019; Montgomery R. Co. v. Mallette, 92 Ala. 209, 9 So. 363; Winter v. Burt, 31 Ala. 33. The wife is not liable for purchase price of lumber which went into construction of building on her land, if credit was given to her husband. Fries v. Acme White Lead & Color Wks., 201 Ala. 613, 79 So. 45; Merrell v. Witherby, 120 Ala. 418, 23 So. 994, 26 So. 974, 74 Am. St. Rep. 39; Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So. 140, 4 A. L. R. 1016; Wadsworth v. Hodge, 88 Ala. 500, 7 So. 194.

J. G. Bowen, of Mobile, for appellee.

The contract was originally between the wife and the lumber company, she subsequently ratified the contract and her property on which the lien attached is liable. Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So. 140, 4 A. L. R. 1016; Wadsworth v. Hodge, 88 Ala. 500, 7 So. 194. The question whether the contract was originally between defendant and the lumber company was for the jury. Barnett v. State, 21 Ala. App. 646, 111 So. 318. Charge 2 was properly refused. Code 1923, § 8861.

SAYRE, J. Appellee, as assignee of the Wood Lumber Company, sued appellant on the law side of the circuit court to establish and enforce according to the statute—section 8832 et seq., of the Code declaring a lien in favor of materialmen— a lien for the value of lumber furnished for the building of a garage on the property of appellant.

The account in dispute dated from November 3, 1924. The lumber was used in the construction of a garage on a lot the property of appellant. Then and previously appellant's husband, W. B. Herrin, conducted a grocery store and a filling station on the lot in question, but whether he conducted the business for himself or as agent for his wife was in dispute, and the evidence as to that was contradictory as was that relating to the question whether the lumber had been furnished on the credit of appellant or her husband. The value of the lumber was also in dispute.

[1] The witness Rogers was allowed, over appellant's objection, to say to the jury, "I would consider that," meaning the lumber furnished by appellee, "to be about No. 2." This witness had built the garage under contract with appellant's husband, but, in addition to his specific statement that he was no expert, said that he "was not much on lumber." The qualification of the witness was not otherwise shown. He was not further interrogated to the end of showing that he had given any special attention to the subject of lumber grades, or that he had ever had uncommon occasion to know them. His competency was left to be determined upon consideration of the facts stated above. Our judgment is that his expressed opinion, such as it was, should have been excluded on appellant's motion. Adler v. Pruitt, 169 Ala. 229, 53 So. 315, 32 L. R. A. (N. S.) 889. As the question is presented, the opinion of the witness was nothing more than a mere conjecture on his part.

[2, 3] The burden of appellant's argument —though other assignments of error are so argued as to require notice—is laid upon that ruling by which the court refused the general charge requested by appellant. It is the settled law of this jurisdiction that, to bind the property of the wife for the value of materials furnished for the improvement of her property:

"The contract must be either originally that of the wife, through herself, or her authorized agent; or else the husband, or other agent, must assume to contract for her and in her own behalf, and such contract be subsequently ratified by her, with full notice or knowledge of its nature. In the absence of a contract of this character, no lien will attach to her property. And where the credit is given solely to the husband, he alone is bound, although it may appear that the wife knew that the building or improvements were in process of erection on her land, and said nothing, or that she and other members of the family afterwards occupied the building as a dwelling." Wadsworth v. Hodge, 88 Ala. 506, 7 So. 194.

[4] This rule has been consistently followed in the construction of the statute and cannot now be gainsaid in any respect. Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So.

---

⬤⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

477, 4 A. L. R. 1016; Fries v. Acme White Lead, 201 Ala. 613, 79 So. 45. The evidence by which appellee sought to bring her case within the statute was in dispute. It may be conceded that appellee's testimony on this subject was in some respects equivocal; still, under that testimony, there was warrant for a finding that appellant, along with her husband, took personal part in selecting and ordering the lumber for the specific purpose of improving her property, and this, in connection with the fact that it was so used, sufficed, under the authorities to which we have referred, to make the question now at issue between the parties one of disputed fact necessary to be referred, in the first place at least, to the jury for decision, the emphatic denials of appellant and her husband and the fact that the lumber was charged on the books of the lumber company to appellant's husband to the contrary notwithstanding. The general charge was therefore correctly refused to appellant.

[5] Charge 2, requested by appellant, was also properly refused. If it be conceded that appellee's testimony in some of its parts warranted the conclusion that appellee, who at the time was clerk and bookkeeper for the lumber company and negotiated with appellant's husband, or, as she testified, with both appellant and her husband, about the selection and sale of the lumber, was directed by them to "charge" the price of the lumber to the husband—and no more conclusive effect can be attributed to it—that did not operate as a "contract" to the effect that appellant's husband was alone to be held responsible for the price. The charge was therefore misleading, and for that reason was refused without error.

[6] The paper writing signed by the lumber company and purporting to show that on the day of its date the lumber company was indebted to W. B. Herrin, the husband, in the sum of 92 cents, was properly rejected by the court. In the usual course of business between the lumber company and the business conducted by appellant's husband, whether on his own account or as agent for appellant, each trading with the other, accounts had been set off one against the other and a balance struck in favor of one or the other as the case might be. That was the process by which the balance of 92 cents was ascertained and stated on September 30, 1924, the day of the date of the paper writing offered in evidence by appellant and rejected by the court. The avowed purpose of the evidence thus disposed of was to show that "the husband paid the bills previous to the bill sued on." We do not see that the proposed evidence tended to shed any appreciable light on the issue controverted in the present case. The lumber about which the present contest was carried on went without dispute to the improvement of appellant's property, thus materially differentiating this from all other transactions between the same parties and leaving its merits to be determined on its own peculiar facts.

[7] Other assignments of error raise no different questions. It is argued that the court erred in overruling appellant's motion for a new trial. We might be willing to concede that a preponderant weight of evidence was on the side of appellant's contention, but that fact did not authorize the court to take the case from the jury, nor was the motion for a new trial rested upon any ground other than the refusal of the general charge and the other charge which we have heretofore discussed. By the motion no contention was made that appellant's case was sustained by the great weight of the evidence, and, of course, the court was without authority to consider that aspect of the case.

However, for the error indicated the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.