196 So. 143

### ROCHELL v. MOORE–HANDLEY HARDWARE CO.

6 Div. 677.

Supreme Court of Alabama.

May 9, 1940.

556

Wm. F. Spencer, of Birmingham, for petitioner.

Thompson & Knight, of Birmingham, for respondent.

FOSTER, Justice.

The question in this case, as it comes to us, is a proper interpretation of the facts recited in the opinion of the Court of Appeals.

The contention is that on that basis the verdict of the jury should have been set aside because those facts overwhelmingly show that appellee extended credit solely to Smith, rather than to appellant Rochell or to Smith and Rochell jointly, in the sale of a bill of hardware for use in a house Smith was building as agent for Rochell, whereby he was to receive a fee for his services, and all bills were to be paid by him. The agreement was in writing, and so stipulated.

The basis on which appellant contends that credit was given solely and exclusively to Smith was the fact that appellee charged the bill to him on their books of account, knowing that he was buying the goods for the building in question, and that it was for Rochell, but without knowing the details of the agreement between them.

The opinion of the Court of Appeals also states that there was evidence that Rochell told a salesman of appellee after the delivery of the goods that they should have been charged to him: there was also evidence that Smith and Rochell had a conversation in advance in which Rochell assented to the purchase of the goods from appellee, and that the purchase would be made in Smith's name, as with other bills for the house. Rochell denied this conversation. He insists that because the goods were charged to Smith alone by appellee when it was known that Smith was erecting the building for him, that this shows that appellee elected to look exclusively to Smith, and that the verdict to the contrary should be set aside.

Appellant relies upon a principle well settled that if under such circumstances the creditor prefers to contract with the agent personally on his own credit, he will not be allowed afterwards to charge the principal. 2 Amer.Jur. 277, section 356; 3 Corpus Juris Secundum, Agency, page 169, § 243; 2 Corpus Juris 836, section 518; Anderson v. Timberlake, 114 Ala. 377, 22 So. 431, 62 Am.St.Rep. 105; Beitman v. Birmingham Paint & Glass Co., 185 Ala. 313, 64 So. 600, 601; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Merrell v. Witherby, 120 Ala. 418, 23 So. 994, 26 So. 974, 74 Am.St.Rep. 39.

Both the creditor and the agent must have the same understanding, that is, that the agent is personally and solely bound to pay the bill. Humes v. Decatur Land Imp. Co., 98 Ala. 461, 472, 13 So. 368. And this result does not follow merely because the goods were charged to Smith, knowing that he was building a house for Rochell as his agent. Beitman v. Birmingham Paint & Glass Co., supra; Anderson v. Timberlake, supra; Hays-Sammons Hdw. Co. v. Saner, Tex.Civ.App., 296 S.W. 927; Winston v. Clark Co. Const. Co., 186 Ky. 743, 217 S.W. 1027; Restatement of Agency, section 184(c).

The burden is on appellant to show that exclusive credit was given to Smith, with such an understanding by him, and when that depends upon a course of events and transactions, and not controlled by a written contract, the question is ordinarily for the jury. The intention both of Smith and the appellee to make Smith personally liable must be clearly shown under such circumstance. Anderson v. Timberlake, supra.

In Merrell v. Witherby, supra, the agent alone gave his personal note for the amount of the debt. This was said to create a prima facie presumption that personal credit was given to the agent alone, but it is said in Restatement of Agency, section 184 (c) that taking the agent's note is not sufficient to exonerate a disclosed principal, unless it is accepted as payment.

Of course, if one without authority of the owner buys material for a house he is erecting for the owner, who has not agreed to pay the bill before or after it is made or authorized it, he is not liable for it, though it goes into his house. Herrin v. Burnett, 217 Ala. 23, 114 So. 406; Fries v. Acme White Lead & Color Works, supra.

But here there was an agency, and Smith was authorized to act for and bind Rochell by the terms expressed or necessarily implied in their written contract. A principal, though disclosed to the creditor, is bound by the contract of his agent within the scope of the authority conferred, though the contract is made in the agent's name, and on its face does not disclose the agency, unless the intent of the agent and creditor, gathered from all the circumstances, was that the agent alone should be bound to pay the debt. 3 Corpus Juris Secundum, Agency, page 165, § 241, note 23; Anderson v. Timberlake, supra.

It is also well settled that a promise made by one person "A" to pay certain obligations to be created by another "B", when based upon a valuable consideration, is not solely one of indemnity to "B", but also operates for the benefit of him who gives the credit to "B" within the terms of the agreement of "A", and justifies a suit on it against "A" by such creditor. Fidelity & Deposit Co. v. Rainer, 220 Ala. 262, 125 So. 55, 77 A.L.R. 13; Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A. L.R. 1231; Fite v. Pearson, 215 Ala. 521, 111 So. 15.

But even so, "B" and the creditor with knowledge of "A's" contract may so shape their relations as that "B" may alone be bound to pay the creditor. But that fact is not conclusively established by a mere charge to "B" of the account, not now to say that such charge alone carries a prima facie presumption to that effect.

It was clearly within the province of the jury on the evidence referred to by the Court of Appeals to find that it was not the intention of appellee and Smith that the latter should be solely bound to pay the bill, and that Rochell should not be so obligated. We cannot say that the Court of Appeals was in error in not reversing the trial court for refusing to set aside the verdict.

Writ denied.

GARDNER, C. J., and THOMAS and BOULDIN, JJ., concur.