74 So.2d 472

**J. Levert ANDREWS**

v.

**J. H. STEGALL and F. M. Savage.**

**6 Div. 667.**

Supreme Court of Alabama.

Aug. 30, 1954.

Smyer, Smyer, White & Reid, Birmingham, for appellant.

Ray & Giles, Birmingham, for appellees.

MERRILL, Justice.

Appeal from a judgment against appellant for $4,357.43 in a suit on a verbal contract for work and labor done and claiming a mechanic's and materialman's lien on lands of appellant described in the complaint. The appellant, Andrews, was a developer of subdivisions in Birmingham, three recent projects being Hillman Gardens, Huntsville Road and Avon Park. Appellee Stegall was a plumbing contractor and had installed the plumbing for appellant on various projects for the past 10 or 12 years. Stegall and appellee Savage had worked jointly on the Huntsville Road and the Avon Park projects. These two projects were developed by Lake Shore Development Company, Inc., which was composed of Andrews, his brother and his bookkeeper.

The claim for $6,954.04 was based upon an alleged agreement between the parties whereby appellant agreed to pay appellees $139.89 each for heating units to be placed in 46 houses in the Avon Park project. Appellant denied any agreement between himself and appellees, asserting that he was an officer of Lake Shore Development Company, a corporation, which was the contractor developing the land in question, and that such fact was well known to the appellees through prior dealings with appellant on behalf of this company.

Appellant further contended that there was no agreement between appellees and his principal as was claimed, but rather that the company had agreed to pay appellees a sum total of $650 per unit for the 46 houses for plumbing and heating and that the company had paid the amount due them.

Appellees contended that Andrews promised to pay them $650 per unit for the plumbing in the 46 houses and that nothing was said about the heating until two or three weeks later, after several houses had been "roughed in" and that Stegall was told by both Andrews and his building superintendent to go ahead and install the heating and Andrews would pay the same amount per unit as had been paid on the Huntsville Road project, which it was agreed was $139.89.

After the jury verdict and judgment in favor of appellees for $4,357.43, appellant's motion for a new trial was overruled and the appeal was taken to this court.

All the authorities and propositions cited in appellant's brief are concerned with his contention that the alleged claim was against Lake Shore Development Company and not against him as an individual.

It was undisputed that Stegall was paid by checks signed by an officer of Hillman Gardens, Inc., when he worked on that project, and that the pay he and Savage received for their work on the Huntsville Road and the Avon projects was in the form of checks signed Lake Shore Development Company, Inc., by an officer and that none were signed by Andrews individually. Stegall also testified that at no time did Andrews ever tell him that he (Andrews) was acting for and on behalf of some particular corporation, and that when Andrews talked to him over the telephone about the plumbing work that Andrews "told me that he was fixing to start a project."

It was also undisputed that the deed to the lands in question was made to appellant and that he was the owner at the time the work was done and when the notice of the lien was filed in the Probate Office of Jefferson County.

The pertinent part of § 37, Title 33, Code of 1940 reads:

"Every mechanic, person, firm, or corporation who shall do or perform any work, or labor upon, or furnish any material, fixture, engine, boiler, or machinery for any building or improvement on land, or for repairing, altering, or beautifying the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, architect, trustee, contractor, or subcontractor, upon complying with the provisions of this article, shall have a lien therefor on such building or improvements and on the land on which the same is situated, to the extent in ownership of all the right, title, and interest therein of the owner or proprietor, and to the extent in area of the entire lot or parcel of land in a city, town or village;   *   *   *   .",

and § 63, Title 33, Code of 1940, is as follows:

"Every person, including married women and cestuis que trust, for whose use, benefit, or enjoyment any building or improvement shall be made, is embraced within the words 'owner or proprietor,' as used in this article."

In Anderson v. Timberlake, 114 Ala. 377, 22 So. 431, 433, this court said:

"The legal presumption is, when a known agent deals or contracts within the scope of his authority, that credit is extended to the principal and not to the agent; and that the dealing is the act, or the contract is the engagement, of the principal alone, as if he were personally present and acting or contracting. This presumption prevails in the absence of evidence that credit was given to the agent exclusively, and the burden of proof rests upon the party seeking to charge him personally. If the contract or promise is in writing, its construction and effect are, ordinarily, questions of law for the decision of the court. But when the contract or promise is *verbal*, the question, whether the credit was given to the agent in exclusion of the credit of the principal, is a question of fact for the determination of the jury, to be ascertained from a consideration of all

the circumstances attending the transaction. * * *."

See Rochell v. Moore-Handley Hardware Co., 239 Ala. 555, 196 So. 143, 145; 2 Am. Jur. Agency, § 408 and 3 C.J.S., Agency, § 216.

The contract or agreement in the instant case being verbal, the title of the lands being in the appellant and the long period of previous dealing between the parties, presented a question of fact for the determination of the jury as to whom credit was given, to be ascertained from a consideration of all circumstances attending the transaction, and the jury determined the issue in favor of appellees.

The judgment of the lower court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.