151 So.2d 747

**R. L. BAINS BUILDERS, INC.**

v.

Claude BICE et al.

**7 Div. 557.**

Supreme Court of Alabama.

April 4, 1963.

Geo. I. Case, Jr., and McGowen & McGowen, Birmingham, for appellant.

Adams & Adams, Birmingham, and Dempsey & Hardegree, Ashland, for appellees.

PER CURIAM.

The complainant (appellant here) filed its bill in the circuit court of Shelby County, in equity, to enforce a mechanic's and materialman's lien, authorized by Title 33, §§ 37 and 41, Code of Alabama, 1940, against certain described residence property of respondents, Claude Bice and his wife, Margaret C. Bice, which they had mortgaged to respondent Guaranty Savings & Loan Association, a corporation.

The respondents Bice filed demurrers to the original bill, which the trial court overruled by appropriate decree that was reviewed and affirmed by this court in the case of Bice v. R. L. Bains Builders, Inc., 269 Ala. 662, 115 So.2d 468. There we held

that, "the bill avers facts sufficient to entitle complainant to recover on the common counts and shows compliance with the statute."

This case now at bar was submitted to the trial court on the complaint, answers of respondents and evidence which was taken ore tenus before the trial judge. From a decree denying relief to complainant and dismissing the bill, complainant, on this appeal, seeks reversal and remandment pursuant to certain assignments of error.

While we are not altogether in harmony with all of the findings of fact in the final decree, particularly the finding of fraud, we are in accord with the finding of fact, as hereafter noted.

We do not think the facets of fraud referred to in the final decree are supported by sufficient proof. The transactions and evidence with respect thereto might be sufficient to generate strong suspicion of fraud, but insufficient to support an adjudication to that effect.

■ The contract introduced in evidence by complainant (exhibit 4) signed by R. L. Bains and respondent Claude Bice, in our judgment, is not the basis of the complaint filed in the case. It does not purport to have been signed by Mr. Bains in his official capacity as president of complainant, but bears his individual signature with no expressed relation to the complainant. Therefore, it is not subject in this case to the rule pronounced in Grady v. Williams, 260 Ala. 285, 70 So.2d 267(5), and in other decisions of this court, that parol evidence, in the absence of fraud or misrepresentation, is not admissible to contradict or vary the terms of a written contract. Mr. Bains individually is not a party to this suit and is not seeking individually to enforce the contract. This contract is admissible in evidence under the pleadings to corroborate the testimony of Mr. Bains as a witness for complainant in his testimony as to the transaction and agreement between him, acting for complainant, and respondent Claude Bice, but is not conclusive.

Complainant's testimony tended to show that it traded with Claude Bice to repair or remodel a dwelling house owned by the respondents Bice jointly, on a cost plus basis, which complainant, acting by and through its president, R. L. Bains, contends was to be done at an estimated cost, labor and materials, of $22,502.00. The evidence further tended to show that the labor and materials used in doing the repair and remodeling amounted to $23,052.58, on which amount respondent Bice paid $13,856.60, leaving a balance of $9,195.98, for which sum complainant claims a judgment and a lien on the property.

The testimony was in detail as to the materials furnished and the labor used and of the costs of the various installations. The alleged conversation between R. L. Bains and Claude Bice leading up to the employment agreement also appears at length in the record before us.

The testimony of Claude Bice and his witnesses contradicted in many areas the testimony of complainant's witnesses as to the labor and materials used and also the conversation leading up to the agreement between the parties.

Claude Bice contended and so testified that Mr. Bains agreed that in no event was the material and labor used in the execution of the repairs and remodeling to exceed $12,500; that he on more than one occasion warned Mr. Bains that he would be unable financially to pay any excess; that Mr. Bains, in a conversation with Mr. Fox, which he, Bice, heard, said that he would go ahead and finish it and then take the property.

The trial court in its decree made a factual finding from the evidence that Claude Bice was induced to sign the contract (exhibit 4) on a cost plus basis upon the representation that the cost of labor and the material in repairing and remodeling the building would not exceed the sum of $12,500.

■■ We think this ceiling according to the finding of the trial judge was binding

on the complainant, and any excess in the absence of authorization or ratification on the part of respondent Claude Bice was at the peril of complainant. Complainant, under such finding of fact, is precluded in this case from recovering any excess.

Complainant alleges and offers evidence that it was to receive the sum of 15% of the costs of labor and materials. Add the sum of $1,875.00 (15% of $12,500) to the ceiling of $12,500, complainant would be entitled to receive for its work the sum of $14,375.-00. Respondent admittedly has paid on the debt the sum of $13,856.60, leaving a balance of $518.40, for which amount complainant is entitled to judgment plus interest thereon at 6% since the filing of the lien.

We conclude from the evidence, as did the trial court, that Claude Bice, the husband of respondent Margaret C. Bice, was not acting as the latter's agent in negotiating with complainant for the repairing and remodeling of the residence belonging jointly to the respondents Bice. The evidence here does not justify a finding that Mrs. Bice ratified the agreement of her husband with complainant. Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So. 140, 4 A.L.R. 1016.

We are of the opinion that the lien of complainant for the balance due has priority over the renewal mortgage executed by respondents Bice to Guaranty Savings & Loan Association, but does not have priority over the first mortgage executed by the parties to said Association. The principal obligated to be paid on said first mortgage and paid, plus interest, should be credited on the debt evidenced by said first mortgage, so as to reduce the balance due in its priority over complainant's lien.

The trial judge heard the evidence orally and his finding of fact will not be disturbed on appeal unless plainly erroneous and manifestly wrong, whether in equity or a law case. Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558(1).

On remandment of this cause the trial court will enter an appropriate decree in favor of complainant against respondent Claude Bice for the sum of $518.40, plus interest at 6% since the filing of the lien.

The court will also decree the priority of complainant's lien over the renewal mortgage of respondent Association and the priority of the Association's first mortgage over complainant's lien, but not to exceed balance due after credits above directed.

The cost of this appeal is taxed one-fourth to Claude Bice and Guaranty Savings & Loan Association, and three-fourths to appellant.

Under the court's finding of fact that complainant agreed the labor and materials were not to exceed the sum of $12,500, we think the decree denying relief and dismissing the bill, except as to Mrs. Bice, was in error and is due to be reversed and the cause remanded with instructions to the court to enter a decree as above noted. It is ordered that the decree as to Claude Bice and Guaranty Savings & Loan Association be and the same is reversed and the cause remanded with instructions to enter a decree as above noted. As to Mrs. Margaret Bice the decree of dismissal is affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the Court as its opinion.

Reversed and remanded in part, and affirmed in part.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.