ADAMS, Justice.
This is an appeal from a verdict in favor of David “Spud” Bishop and his corporation, David “Spud” Bishop Contractor, Inc., in the amount of $15,600 plus $2,025 in prejudgment interest. We affirm in part and reverse in part.
In 1985, Dale Peterson contracted with Bishop (we shall speak of Bishop as if he were the only plaintiff) to renovate a house that he and his wife had recently purchased. The parties agree that the contract price was to be based on Bishop’s cost plus 15%. The original estimate provided by Bishop was $89,946, plus or minus $5,000. According to Dale Peterson, that estimate included the cost of the renovations plus the 15% profit agreed upon. This estimate was adjusted upward in October 1985, to the amount of $104,000 when the Petersons specified more particularly the renovations that they desired. Dale Peterson insists that that figure involved the 15% profit; Bishop insists that it did not. The Petersons paid the $104,000 and argued that they had made full payment. Bishop, contending that he was still due 15%, sued the Petersons for that amount.
Joann Rouss, a consultant hired by the Petersons, was given authority by them, in writing, to handle many of the decorating decisions and the day-to-day supervision with regard to the work being done. The authority was given pursuant to the follow *493 ing memorandum addressed to Joann Rouss from R. Dale and Kathy Peterson:
“This memo is to inform you that the responsibility for construction, billing, and day-to-day decision making approval has been given to you. You now have complete authority to act on our behalf in any approval situation.”
The memo was signed by both Dale and Kathy Peterson. A jury returned a verdict in favor of Bishop, and the Petersons appealed.
We find no error in the judgment for Bishop against Dale Peterson. Included in the additions the Petersons had made to the original requested work was an addition to a master bedroom and painting of a sunroom; these items were figured into the additional estimate as costing $7,500. Bishop had used this figure at Dale Peterson’s insistence. There was sufficient evidence to indicate that Bishop notified Dale that these additions would cost more than the $7,500 figured in. Dale Peterson told Bishop to go ahead and use a particular painter, even after Bishop had told him that the estimate was too low to include that painter’s work. Payments were made in response to partial bills. The partial bill that included a $2,000 charge for the increased cost of the painting was paid by Dale Peterson without question. There was sufficient evidence for the jury to find that Peterson agreed to the additional work and to the additional charge. There was also evidence to support a finding that the agreement was to pay Bishop 15% above the amount billed and to pay on a partial billing procedure. We find no error in the amount of the judgment.
The Petersons contend that only Dale — and not Kathy — was a party to the contract with Bishop. We agree. Kathy Peterson in no way obligated herself to pay for the renovations done. Surely, Bishop knew that Kathy Peterson, as Dale’s wife, would enjoy the improvements made by her husband and would offer her preferences as the work was being done. This, however, cannot be construed as an agreement to join her husband’s obligation to pay for the renovations. Neither can the memo to Joann Rouss be taken as Kathy’s obligation to pay for the renovations. If we held otherwise, then a husband or wife would rarely be able to enter a contract of this nature with a third party without the spouse’s being deemed to have ratified the contract. If Bishop had intended to obligate Kathy Peterson for the amount owed him, he should have insisted that she be a party to the contract. The evidence just did not support a reasonable inference that she had bound herself to the contract Dale made with Bishop.
In Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 478-79, 70 So. 140 (1915), an issue similar to the one before us was addressed as follows:
“According to the evidence the materials were furnished to, and solely on the credit of, the husband of the appellant, who owned the lot therewith improved. The contract for the materials was made with the husband alone. The law governing the rights of the parties concerned is thus well stated in Wadsworth v. Hodge, 88 Ala. 500, 506, 7 South. 194, 196: ‘The contract must be either originally that of the wife, through herself, or her authorized agent, or else the husband, or other agent, must assume to contract for her and in her own behalf, and such contract be subsequently ratified by her, with full notice or knowledge of its nature. In the absence of a contract of this character, no lien will attach to her property. And where the credit is given solely to the husband, he alone is bound, although it may appear that the wife knew that the building or improvements were in process of erection on her land, and said nothing, or that she and other members of the family after-wards occupied the building as a dwelling.’
“The evidence does not admit of the conclusion that the wife authorized her husband to contract for the materials for her.. He did not assume or attempt to do so. The materialmen did not so attempt to engage. The chancellor thought the evidence authorized the conclusion that the wife bound herself and her property *494 by ratification. There was error here. Her acts in causing changes of plans for the repairs and her practically constant presence at the building during its alteration and repair could not be referred to her ratification of the contract for materials that was not made or attempted to be made in her name or for her. On the contrary, that was made by her husband alone, on his own responsibility.”
195 Ala. at 478-79, 70 So. at 140. (Emphasis added). See also R.L. Bains Builders, Inc. v. Bice, 275 Ala. 23, 151 So.2d 747, 749 (1963); Turner v. Rhodes, 22 Ala.App. 426, 116 So. 412, 412 (1928); and Womack v. Myrick Lumber Co., 200 Ala. 591, 592, 76 So. 949, 950 (1917). Bishop made no showing that Kathy Peterson intended to obligate herself on the contract, and her granting of authority regarding decorations, etc., to Joann Rouss does not indicate an intent to obligate herself.
The judgment is affirmed as to Dale Peterson. As to M. Kathy Peterson, the judgment is reversed and a judgment is rendered in her favor.
AFFIRMED IN PART; REVERSED IN PART AND JUDGMENT RENDERED.
HORNSBY, C.J., and JONES, SHORES, HOUSTON and KENNEDY, JJ., concur.
MADDOX, ALMON and STEAGALL, JJ., dissent.