MADDOX, Justice
(dissenting).
The majority holds that a wife cannot be liable for the costs of improvements made on property which was jointly owned by her and her husband.[1] The majority relies upon an old Alabama case, Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 478-79, 70 So. 140 (1915), in support of its holding. With all due respect, I think the majority was misled by the headnotes to the Wilson opinion, which, in my opinion, incorrectly suggest that the improvements in the Wilson case were made on the wife’s property. As the opinion in Wilson states: “According to the evidence the materials were furnished to, and solely on the credit of, the husband of the [wife], who owned the lot therewith improved.” 195 Ala. at 478, 70 So. at 140. (Emphasis added). Admittedly, Wilson cites Wadsworth v. Hodge, 88 Ala. 500, 506, 7 So. 194, 196 (1889), which did involve improvements on the wife’s property, and this Court did hold that a lien could not be fastened on her property when it was not shown that she personally, or by an agent, made the contract. A reading of the Wadsworth case, however, shows that one of the reasons for the result there reached was that women, at that time, labored under disabilities, which is no longer the case in Alabama. Peddy v. Montgomery, 345 So.2d 631 (Ala. 1977).
Wadsworth also involves the application of the laws relating to mechanic’s liens. Although the Court did not enforce the lien in Wadsworth, the Court did write the following, which has some application here:
“The enforcement of such a lien is in the nature of a proceeding in rem, rather than one in personam, especially as against the estates of married women. There is no more reason why a feme sole, who is brought within the terms of the statute, should enjoy the benefit of a mechanic’s labor or materials without paying for them, than one sui juris should perpetrate a like injustice.”
The evidence shows that she not only knew about the renovation of the house, but directed how it would be done.[2] Because the majority opinion, allowing the wife to enjoy the benefit of Bishop’s labor and materials in the renovation of a house which she jointly owned, without paying for them, perpetrates an injustice, I must respectfully dissent.
ALMON and STEAGALL, JJ., concur.

. The majority concludes that there is no error insofar as the amount of the judgment is concerned.

. As the majority opinion shows, she "grant[ed] ... authority regarding decorations, etc.” in a memorandum addressed to Joann Rouss.