In May 1986, Allied-Bruce Terminix Companies, Inc. ("Terminix"), issued a "termite protection plan" to Steve Rush, who was, and is, married to Kim Rush. "The termite plan was issued in the name of Steve Rush only and was not issued [to and did not] contain the name of Kim Rush." Mandamus Petition, at 5. Neither of the Rushes ever signed the plan, which contained an arbitration clause.
After keeping the plan in force for the next 9-10 years, the Rushes — in separate complaints — sued Terminix, alleging that Terminix had "perpetrated various frauds" against them. The trial court granted Terminix's motion to compel arbitration in both actions. The majority holds that both Mr. and Mrs. Rush are required to arbitrate.
I concur in the ruling that Steve Rush will have to arbitrate. The evidence shows that, notwithstanding the absence of his signature on the plan, he kept the plan in force for several years. Moreover, pursuant to the plan, Terminix spent approximately $17,000 to repair termite damage to the Rush home. Consequently, he has manifested his assent to the contract in various ways.
I do not agree, however, that Kim Rush can be required to arbitrate. This case is nearly indistinguishable from Peterson v. David "Spud" Bishop Contractor, Inc., 547 So.2d 492 (Ala. 1989), on which we relied in Ex parte Dickinson, 711 So.2d 984 (Ala. 1998). In Dickinson, we summarized Peterson as follows:
 "In Peterson . . ., we held that a wife, who was not a signatory to a contract for the renovation of a home owned jointly with her husband, was not obligated to pay for renovations done pursuant to the contract her husband signed . . . . We explained: `If we held otherwise, then a husband or wife would rarely be able to enter a contract of this nature with a third party without the spouse's being deemed to have ratified the contract.'"
711 So.2d at 989-90. It is of little consequence that Peterson was not an arbitration case. If we require wives like Kim Rush to arbitrate disputes like this one, then we are, in effect, giving more favorable treatment to arbitration clauses than to ordinary contract provisions. That is not supposed to be the law. I dissent insofar as the majority compels Kim Rush to arbitrate her claims, which, incidentally, she presented in a separately filed complaint.